UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KEVIN OMAR MATIAS ROSSELLO, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> EPOCH LLC; FOT INVESTMENTS LLC D/B/A DOMINO'S PIZZA; CLUTCH CONSULTING LLC, <br> *Defendants.* | CIVIL NO.: <br><br><br> FAIR LABOR STANDARDS ACT <br><br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff, by and through their attorneys, EXCOLO LAW, PLLC, and complain and allege on personal knowledge as to Plaintiff's own acts, and on information and belief as to all other allegations, for their class action complaint against EPOCH LLC, FOT INVESTMENTS LLC, and CLUTCH CONSULTING LLC, and states as follows:

1. This is a class action brought by Plaintiff Kevin Omar Matias Rossello ("Matias Rossello") on behalf of himself and all other similarly situated current and former employees who work or have worked as delivery drivers of Domino's Pizza in Puerto Rico.  This action is brought against Epoch LLC, FOT Investments LLC, doing business as Domino's Pizza, and Clutch Consulting LLC, for withholding adequate pay from their employee delivery drivers.  Defendants have failed to reimburse Plaintiff and the Class for the costs of the use of their vehicles.  Accordingly, Defendants have failed properly compensate Plaintiff and the Class at the federally mandated minimum wage rate for all hours worked in a workweek in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as well as pursuant to Puerto Rico wage laws.

2.  Plaintiff Matias Rossello brings this action on behalf of himself and all other similarly situated current or former employees pursuant to Fed. R. Civ. P. 23. The Class is defined as:

> All persons who have worked for Epoch LLC, FOT Investments LLC, doing business as Domino's Pizza, and Clutch Consulting LLC in Puerto Rico as delivery drivers at any time since April 4, 2016 who were denied or insufficiently paid minimum wage due to Defendants' failure to properly reimburse their employees for vehicle expenses associated with their duties of employment.

3.  Plaintiff Matias Rossello brings this action on behalf of himself and all other similar situated current or former employees pursuant to Fed. R. Civ. P. 23 for the purposes of obtaining relief under the FLSA for unpaid minimum wages, damages, costs, attorneys' fees, civil penalties, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## PARTIES

4.  Plaintiff Kevin Omar Matias Rossello is an adult who is a citizen and resident of Mayaguez, Puerto Rico, who works as a Pizza Delivery Driver for Domino's Pizza and who has been severely affected by Defendants lack of adequate pay and/or reimbursement for the vehicle expenses associated with his employment, including gasoline and routine maintenance of his vehicle.

5.  Defendant Epoch LLC (herein after "Epoch"), is a domestic limited liability corporation, which does business under the commercial name Domino's Puerto Rico. Epoch is the Master Franchisee in Puerto Rico of the main corporation Domino's Pizza.  Epoch owns around 39 stores, for which in total there are employed some 600 to 700 employees. The resident agent for Epoch, as listed in the Corporate Registry of Puerto Rico, is Epoch President Edward Lieberman, who can be served and contacted at 655 Marginal del Parque, Los Colobos, Carolina, Puerto Rico 00987-2502.

Matias Rossello and All Others Similarly Situated v. Epoch LLC, et al.                                   2

6.  Defendant FOT Investments LLC (herein after "FOT Investments") is a domestic limited liability corporation, which does business under the commercial name Domino's Pizza. FOT Investments is a franchisee of Domino's Pizza who owns four (4) Domino's Pizza stores in Puerto Rico.  FOT Investments currently employs around 100 staff.  The resident agent for FOT Investments, as listed in the Corporate Registry, is FOT Investments, LLC, which can be served and contacted at 655 Marginal del Parque, Area Los Colobos, Carolina, Puerto Rico 00987.

7.  Defendant Clutch Consulting LLC (herein after "Clutch Consulting") is the administrator of the Domino's Pizza stores within Puerto Rico. Clutch Consulting is a domestic limited liability corporation which its resident agent, as listed in the Corporate Registry of Puerto Rico, is Carmen Cedré, who can be served and contacted at Street Almendro #1, Apt. 102, San Juan, Puerto Rico 00913.

8.  When in this Complaint reference is made to any act of the Defendants, such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants named in this lawsuit committed or authorized such acts, or failed or omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendants, and did so while acting within the scope of their employment.

**<u>VENUE AND JURISDICTION</u>**

9.  This Court has original jurisdiction of this matter under 28 U.S.C. §1331 as this case presents federal questions brought under the Fair Labor Standard Act.  This case is brought under 29 U.S.C §201, *et seq.,* and 29 C.F.R. § 531.35 of the FSLA.

Matias Rossello and All Others Similarly Situated v. Epoch LLC, et al.                    3

10. This Court has supplemental jurisdiction over the Puerto Rico state law claims purusuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), as a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants have substantial and systematic contacts in this district. Defendants are corporations who are doing business in the Commonweath of Puerto Rico.  All the geographical areas from which Defendants benefited are within the scope if the District Court of Puerto Rico

<u>**FACTUAL ALLEGATIONS RELATED TO ALL COUNTS**</u>

12. Upon information and belief, Epoch LLC is an employer subject to the Fair Labor Standards Act as it is engaged in interstate commerce. Specifically, it obtained a franchise from Domino's Pizza LLC or Domino's Pizza Franchising, LLC, both located in Michigan, to do business in Puerto Rico. Alternatively, upon information and belief Epoch LLC has annual sales of $500,000 or more.

13.  Upon information and belief, FOT Investments LLC is an employer subject to the Fair Labor Standards Act as it is engaged in interstate commerce. Specifically, it obtained a franchise from Domino's Pizza LLC or Domino's Pizza Franchising, LLC, both located in Michigan, to do business in Puerto Rico. Alternatively, upon information and belief Epoch LLC has annual sales of $500,000 or more.

14. To the extent Clutch Consulting LLC is the administrator of the Domino's Pizza stores within Puerto Rico, it is deemed an employer or at least a joint employer with both Epoch LLC and FOT Investments LLC. To the extent Epoch LLC and FOT Investments LLC are employers subject to the Fair Labor Standards Act, so is Clutch Consulting LLC.

15. Plaintiff Kevin Omar Matias Rossello started working for Domino's Pizza in Mayaguez, Puerto Rico, on December 6, 2016 as a pizza delivery driver.

16. Under his employment contract, Matias Rossello was to be paid an hourly rate of $7.25 per hour, plus an additional $1 for each delivery Matias Rossello made.  Additionally, Defendants required Matias Rossello, as a condition of employment, to use his own vehicle to deliver the store products, and cover his own expenses associated with operating that vehicle.

17. Defendants do not, and have not ever, covered any maintenance of the employee delivery drivers' vehicles, nor do Defendants reimburse the employee delivery drivers for any gasoline expenses.

18. In the past, Defendants required and used a mileage tracking application for their employee delivery drivers.  The employee delivery driver would simply start the application at the beginning of each delivery, and the application would calculate the mileage driven on each delivery.  However, Defendants have since deactivated or discontinued the use of this application.

19. For each delivery Plaintiff Matias Rossello makes, Plaintiff receives only $1 in reimbursement. This $1 reimbursement rate does not increase or decrease depending on the mileage or distance the delivery covers.  Even if Plaintiff were to drive ten miles round-trip for a delivery, Plaintiff would still receive the same $1 reimbursement.

20. In many instances, Plaintiff is required to cover vast distances for each delivery, as the store he works for is the only Domino's Pizza in the city of Mayaguez.

21. Normally, the average tips that Plaintiff Matias Rossello can receive from clients in a week is $23.

22. Puerto Rico is non-incorporated United States Territory, where many of the federal rules and regulations apply the same way as it does to a state.

23. Many businesses within the United States have moved or established offices and locations in Puerto Rico because they have found that the market in Puerto Rico is very similar to the one in the United States.  Defendants are one such example, doing business under the commercial name Domino's Pizza. The name brand "Domino's Pizza" has been a great success within the Puerto Rico market.

24. Businesses operating within Puerto Rico, just as businesses within any other state within the United States of America, have to comply with the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C §201, *et seq.*

25. Here, all of Defendants' stores use drivers to deliver pizza and other items from their menus directly to clients. These drivers, upon becoming Defendants' employees, are required to have and maintain their own vehicles to deliver the Defendants' products.

26. The delivery vehicle that each driver uses is property of the employee delivery driver themselves and not that of the Defendants.

27. As a condition of employment, employee delivery drivers are at all times required to have vehicles, and similarly that such vehicles meet the requirements that Defendants have established.

28. Defendants required Plaintiff and the Class to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items while working as employee delivery drivers.

29. As employee delivery drivers for Defendants, Plaintiff and the Class have incurred costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses (collectively "automobile expenses") while working for Defendants.

30. As employee delivery drivers for Defendants, Plaintiff and the Class were not reimbursed for their deliveries based upon the number of miles driven for each delivery.  As employee delivery drivers for Defendants, Plaintiff and the Class were not reimbursed for any of their automobile expenses incurred during their course of employment.  Rather, Defendants only reimbursed Plaintiff and the Class $1 per delivery, no matter the distance driven, or the expense incurred by Plaintiff and the Class.

31. To date, the reimbursements given to Plaintiff and the Class for each delivery have not been reasonable approximations of either the actual mileage driven or the other automobile expenses incurred by Plaintiff and the Class in the course of performing their job duties as employee delivery drivers for Defendants.

32. To date, Plaintiff and the Class has incurred actual automobile expenses in the course of performing their job duties as employee delivery drivers for Defendants, and such expenses incurred have exceeded and continue to exceed the $1 per trip reimbursement provided by Defendants.

33. The Fair Labor Standards Act establishes a minimum hourly wage of $7.25 per hour worked. 29 U.S.C. § 206(a). Defendants are obligated to pay their employees at least this amount per hour worked.  The FLSA permits employers to pay tipped employees an hourly rate below the federal minimum only if the employee receives at least $30 in tips monthly, because with this amount, the wage would equal the federal minimum. 29 C.F.R § 531.56.  If the employee does

not receive more than $30 a month in tips, the employer has an obligation paying the employee the federal minimum wage. *Id*.

34. Pursuant to § 531.56, specifically for tipped employees, employers may take a tip credit toward its minimum wage obligation for tipped employees equal to the difference between the required cash wage (which must be at least $2.13) and the federal minimum wage (currently $7.25). However, employers must provide oral or written notice to tipped employees of the use of the tip credit in advance. 29 C.F.R. § 531.59(b). Employers using the tip credit must be able to show that tipped employees receive at least the minimum wage when direct wages and the tip credit amount are combined. If the employee's tips combined with the direct wages do not equal the minimum wage, the employer must make up the difference during the pay period.

35. The Commonwealth of Puerto Rico does not have a separate state minimum hourly rate. If the employer hasn't established a higher pay rate than the federal minimum hourly rate, FLSA is the governing law for Puerto Rico.

36. According to the IRS, the standard mileage reimbursement rate for employees for use in computing the costs of operating an automobile for business purposes in 2019 is 58 cents per mile.  In 2018, the IRS rate was 54.5 cents per mile.  In 2017, the IRS rate was 53.5 center per mile.  In 2016, the IRS rate was 54 cents per mile.

37. In this case, while Plaintiff and the Class as employee delivery drivers earn enough tips to qualify as "tipped employees" under the FLSA, Defendants have not provided oral or written notice to Plaintiff and the Class that Defendants are using the tip credit provisions established in § 531.56.  Accordingly, Defendants are obligated to ensure that Plaintiff and the Class earn the federal minimum wage of $7.25 per hour pursuant to 29 U.S.C. § 206(a).

38. Defendants have failed, and continue to fail, to pay Plaintiff and the Class the required federal minimum wage of $7.25 per hour.  Defendants require Plaintiff and the Class cover their own costs associated with gasoline and other vehicle expenses.  While Defendants pay Plaintiff and the Class a base hourly rate, plus a $1 per delivery reimbursement, factoring together all of the expenses Plaintiff and the Class are required to cover, and deducting those expenses from the pay Plaintiff and the Class receive from Defendants, ultimately, Defendants pay Plaintiff and the Class below the federal minimum wage.

39. Taken together, when evaluating Plaintiff's wage of $7.25 per hour, in addition to the $1 per delivery reimbursement rate he receives from Defendants, coupled with the costs associated with maintaining and operating his vehicle as required by Defendants, Defendants are drastically underpaying Plaintiff below the federal minimum wage in violation of the FLSA.

40. Plaintiff's experiences as an employee delivery driver for Defendants are typical of the experiences of the rest of the Class.

41. Defendants failed and continue to fail to pay Plaintiff and the Class an adequate mileage rate, gas reimbursement, or other method of covering vehicle expenses, or simply did not pay Plaintiff and the Class any amount at all.  This failure results in Plaintiff and all other Class Members being paid at an hourly pay rate lower than the federally mandated minimum wage established under FLSA.

42. The amount of money Plaintiff and the Class receive in reimbursement for each delivery is vastly less than the costs and expenses associated with operating an automobile for business purposes.  The $1 per delivery that each employee delivery driver receives from Defendants is drastically less than the IRS recommended mileage reimbursement rate. Plaintiff and the Class's costs and expenses of maintaining and operating a vehicle far exceed the minimum

wage and reimbursement rate provided to Plaintiff and the Class. Accordingly, Plaintiff and the Class, as employee delivery drivers, are paid less than minimum wage.

43. Defendants directly benefit from this failure to pay, as said failure requires Plaintiff and Class Members take money from their own weekly pay to cover mileage, gas, and other work related automobile expenses. This puts the employee delivery driver not only in a disadvantage, but it goes as far as making each employee's net pay well below the federal minimum hourly rate. Defendants are essentially offsetting their business costs onto the employee, making the employee responsible for the costs and expenses associated with the operation of Defendants' business.

44. Further, by requiring Plaintiff and the Class to maintain and operate their own vehicles, without providing any realistic reimbursement to cover the associated costs, Defendants are profiting off of Plaintiff and the Class in the form a kick-back, forbidden by 29 C.F.R. § 531.35.

45. 29 C.F.R. § 531.35 states:

> Whether in case or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.

46. Here, it is evident that Defendants are in violation of the kick-back provisions of 29 C.F.R. § 531.35.

Matias Rossello and All Others Similarly Situated v. Epoch LLC, et al.                                    10

47. Defendants require that Plaintiff and the Class maintain and operate their own vehicles in order to be employed by Defendants. Defendants require Plaintiff and the Class to cover all of their own automobile expenses.

48. An automobile is a tool of the trade of a delivery driver, which is to be used in or specifically required by Defendants for the delivery of products in the course of employment.

49. As Defendants require Plaintiff and the Class to maintain and operate their own vehicles, they are essentially putting the costs and expenses associated with delivery of the pizza on to the employee delivery driver.

50. By requiring Plaintiff and the Class to maintain and operate their own vehicles, Defendants are requiring Plaintiff and the Class to "kick-back" directly or indirectly to Defendants for Defendants' benefit. Given that Plaintiff and the Class are not adequately compensated for their mileage and other costs associated with operating and maintaining a vehicle for business purposes, this benefit conferred directly on Defendants is derived in whole or in part from the wage delivered to the employee.

51. Defendants violate 29 C.F.R. § 531.35 each workweek, as the costs and expenses associated with maintaining, operating, and driving their automobiles in the course of employment as delivery drivers cuts into the minimum or overtime wages required to be paid to them under the Act. Accordingly, Defendants are in violation of 29 C.F.R. § 531.35.

52. Plaintiff and the Class, as employee delivery drivers for Defendants, have been, and will continue to be, injured by Defendants wrongful violations of the FLSA.

## CLASS ACTION ALLEGATIONS

53. Plaintiff brings this suit as a class action on behalf of himself and on behalf of other similarly situated persons pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).

Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Classes may be expanded or narrowed. This action is brought by named Plaintiff Kevin Omar Matias Rossello on behalf of all individuals who are or were employee delivery drivers of Defendants and were denied or insufficiently paid minimum wage due to Defendants' failure to properly reimburse their employees. The proposed Classes are defined as follows:

> All persons who have worked for Epoch LLC, FOT Investments LLC, doing business as Domino's Pizza, and Clutch Consulting LLC in Puerto Rico as delivery drivers at any time since April 4, 2016 who were denied or insufficiently paid minimum wage due to Defendants' failure to properly reimburse their employees for vehicle expenses associated with their duties of employment.

54. Excluded from the Class are Defendants; any entity in which Defendants have a controlling interest; any of its parents, subsidiaries, affiliates, officers, directors, employees and members of their immediate families; members of the federal judiciary, and counsel for the parties.

55. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with Plaintiff's motion for class certification, or at any other time, based on, *inter alia*, changing circumstance and/or new facts obtained during discovery.

56. *Numerosity:* This Class is estimated to be composed of hundreds of current and former employees who were denied access to federally mandated minimum wage by Defendants, and is therefore so numerous that joinder of all members is impracticable. The disposition of their claims through this class action will benefit all Class Members, the parties, and the Courts, and is the most practical method for Plaintiff to challenge the policies, procedures, and practices of Defendants.

57. *Existence and Predominance of Common Questions of Fact and Law*: There are questions of

law or fact common to the members of the class such that common questions predominate over questions affecting only individual members.  Individual questions do not predominate over common questions because:

    A.  Each member of the Class was required to use their own, and maintain for operation, vehicle during the course of their employment, and subsequently shoulder the burden of the expenses incurred with operation of such vehicle, in the same or a substantially similar manner from Defendant;

    B.  Each member of the Class, as an employee delivery driver of Defendants, was improperly reimbursed for their expenses associated with the costs of employment by Defendants; and

    C.  Defendants denied each member of the Class access to federally mandated minimum wage, according to Defendants' fraudulent and deceptive policies, practices, and customs to deprive Plaintiff and the Class from necessary reimbursements for their costs associated with employment.

58. Furthermore, to assess each individual claim, the only necessary assessment is whether a Member of the Class was denied access to federally mandated minimum wage. Thus, computation of damages for the Class can be readily conducted.

59. There is a well-defined community of interest in questions of law and fact affecting the Class. These questions of law and fact predominate over individual Class Members, including, but not limited to, the following:

    A.  Whether, during the Class Period, Defendants unreasonably denied Plaintiff and the Class access to minimum wage;

    B.   Whether Defendants drastically underpaid reimbursement rates associated with Plaintiff and the Class's employment;

    C.   Whether Plaintiff and the Class incurred automobile expenses at a rate that exceeded the reimbursement rate given to them by Defendants;

    D.   Whether Defendants are likely to continue their policy, practice or custom denying Plaintiff and the Class minimum wage as employee delivery drivers; and

    E.   Whether Plaintiff and Class Members are entitled to an award of reasonable attorney's fees, pre-judgment interest and costs of suit.

60. *Typicality*: The claims of the Class Representative are typical of, and not antagonistic to, the claims, violations of law, and resulting harms suffered by all Class members. Plaintiff and the Class have all been deprived of (or were likely to be deprived of) federal minimum wage by Defendants' fraudulent and deceptive underpayment.

61. *Adequacy*: The Plaintiff Class Representative will fairly and adequately assert and protect the interests of the Class. Plaintiff's counsel knows of no conflicts of interest between the Class Representative and absent Class members with respect to the matters at issue in this litigation. The Class Representative will vigorously prosecute the suit on behalf of the Class, and the Class Representative is represented by experienced counsel.  Plaintiff and the Class are represented by attorneys with substantial experience and expertise in complex and class action litigation.  Plaintiff's attorneys have identified and investigated the claims in this action and have committed sufficient resources to represent the Class.

62. *Superiority*: The maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice. Because of the modest size of individual Class Members' claims, few, if any, Class Members could afford

to seek legal redress of the wrongs complained herein on an individual basis.  The prosecution of separate actions by individual members of the Class could result in inconsistent or varying adjudications with respect to individual members of the Class. Absent class action, Plaintiff and Class Members would likely not recover, or would not likely have the chance to recover, the requested relief, and Defendants will be permitted to retain the proceeds of its misdeeds.

63. All Class Members, including Plaintiff, were exposed to one or more instances of Defendants' failure to pay minimum wage.  Due to the scope and extent of Defendants' consistent scheme, it can reasonably be inferred that such policy, practice, or custom was uniformly applied to all Class Members.

64. Plaintiff is informed and believes that Defendants keep extensive computerized records of all employee delivery drivers, deliveries those drivers make, customer addresses associated with those deliveries, and the sales of the products themselves. Defendants have one or more databases through which a significant majority of Class Members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

65. A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

    A. Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous economies to both the Court and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

B.  Class Members' individual damage claims are too small to make individual litigation an economically viable alternative;

C.  Despite the relatively small size of individual Class Members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

D.  No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage are common to the Class.

66. To the best of Plaintiff's knowledge, no other action is pending on the subject matter of this case in any Court.

67. As such, Plaintiff seeks class certification under F.R.C.P. 23.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. § 206, *et seq.*
**Failure to Pay Plaintiff and the Class Minimum Wage**
(*Against All Defendants*)

68. Plaintiff incorporates by reference each and every preceding paragraph and allegation contained in this complaint as if fully copied and set forth at length herein.

69. At all times relevant, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

70. At all times relevant, Defendants have been and continue to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

71. The Fair Labor Standards Act establishes a minimum hourly wage of $7.25 per hour worked. 29 U.S.C. § 206(a). Defendants are obligated to pay their employees at least this amount per hour worked.  The FLSA permits employers to pay tipped employees an hourly rate below the federal minimum only if the employee receives at least $30 in tips monthly, because with this amount, the wage would equal the federal minimum. 29 C.F.R § 531.56.  If the employee does not receive more than $30 a month in tips, the employer has an obligation paying the employee the federal minimum wage.  *Id*.

72. Pursuant to § 531.56, specifically for tipped employees, employers may take a tip credit toward its minimum wage obligation for tipped employees equal to the difference between the required cash wage (which must be at least $2.13) and the federal minimum wage (currently $7.25). However, employers must provide oral or written notice to tipped employees of the use of the tip credit in advance. 29 C.F.R. § 531.59(b). Employers using the tip credit must be able to show that tipped employees receive at least the minimum wage when direct wages and the tip credit amount are combined. If the employee's tips combined with the direct wages do not equal the minimum wage, the employer must make up the difference during the pay period.

73. Defendants have not provided Plaintiff and the Class oral or written notice of the use of the tip credit pursuant to 29 C.F.R. § 531.59(b).  Accordingly, Defendants are obligated to ensure that Plaintiff and the Class earn the federal minimum wage of $7.25 per hour pursuant to 29 U.S.C. § 206(a).

74. Plaintiff and Class Members are covered employees under the definition of "employee" of the Fair Labor Standards Act of 1938.

75. Plaintiff and Class members are considered "tipped employees" under the definition of the Fair Labor Standard Act.

76. Under his employment contract, Plaintiff Matias Rossello was to be paid an hourly rate of $7.25 per hour, plus an additional $1 for each delivery Matias Rossello made.  Additionally, Defendants required Matias Rossello, as a condition of employment, to use his own vehicle to deliver the store products, and cover his own expenses associated with operating that vehicle.

77. Defendants do not, and have not ever, covered any maintenance of the employee delivery drivers' vehicles, nor do Defendants reimburse the employee delivery drivers for any gasoline or other automobile expenses.

78. For each delivery Plaintiff Matias Rossello makes, Plaintiff receives only $1 in reimbursement. This $1 reimbursement rate does not increase or decrease depending on the mileage or distance the delivery covers.  Even if Plaintiff were to drive ten miles round-trip for a delivery, Plaintiff would still receive the same $1 reimbursement.

79. As a condition of employment, employee delivery drivers are at all times required to have vehicles, and similarly that such vehicles meet the requirements that Defendants have established.

80. Defendants required Plaintiff and the Class to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items while working as employee delivery drivers.

81. As employee delivery drivers for Defendants, Plaintiff and the Class have incurred costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses (collectively "automobile expenses") while working for Defendants.

82. As employee delivery drivers for Defendants, Plaintiff and the Class were not reimbursed for their deliveries based upon the number of miles driven for each delivery.  As employee delivery drivers for Defendants, Plaintiff and the Class were not reimbursed for any of their automobile

expenses incurred during their course of employment.  Rather, Defendants only reimbursed Plaintiff and the Class $1 per delivery, no matter the distance driven, or the expense incurred by Plaintiff and the Class.

83. To date, the reimbursements given to Plaintiff and the Class for each delivery have not been reasonable approximations of either the actual mileage driven or the other automobile expenses incurred by Plaintiff and the Class in the course of performing their job duties as employee delivery drivers for Defendants.

84. To date, Plaintiff and the Class has incurred actual automobile expenses in the course of performing their job duties as employee delivery drivers for Defendants, and such expenses incurred have exceeded and continue to exceed the $1 per trip reimbursement provided by Defendants.

85. Defendants have failed, and continue to fail, to pay Plaintiff and the Class the required federal minimum wage of $7.25 per hour.  Defendants require Plaintiff and the Class cover their own costs associated with gasoline and other vehicle expenses.  While Defendants pay Plaintiff and the Class a base hourly rate, plus a $1 per delivery reimbursement, factoring together all of the expenses Plaintiff and the Class are required to cover, and deducting those expenses from the pay Plaintiff and the Class receive from Defendants, ultimately, Defendants pay Plaintiff and the Class below the federal minimum wage.

86. Taken together, when evaluating Plaintiff's wage of $7.25 per hour, in addition to the $1 per delivery reimbursement rate he receives from Defendants, coupled with the costs associated with maintaining and operating his vehicle as required by Defendants, Defendants are drastically underpaying Plaintiff below the federal minimum wage in violation of the FLSA.

87. Plaintiff's experiences as an employee delivery driver for Defendants are typical of the experiences of the rest of the Class.

88. Defendants failed and continue to fail to pay Plaintiff and the Class an adequate mileage rate, gas reimbursement, or other method of covering vehicle expenses, or simply did not pay Plaintiff and the Class any amount at all.  This failure results in Plaintiff and all other Class Members being paid at an hourly pay rate lower than the federally mandated minimum wage established under FLSA.

89. The amount of money Plaintiff and the Class receive in reimbursement for each delivery is vastly less than the costs and expenses associated with operating an automobile for business purposes.  The $1 per delivery that each employee delivery driver receives from Defendants is drastically less than the IRS recommended mileage reimbursement rate. Plaintiff and the Class's costs and expenses of maintaining and operating a vehicle far exceed the minimum wage and reimbursement rate provided to Plaintiff and the Class. Accordingly, Plaintiff and the Class, as employee delivery drivers, are paid less than minimum wage.

90. Defendants directly benefit from this failure to pay, as said failure requires Plaintiff and Class Members take money from their own weekly pay to cover mileage, gas, and other work-related automobile expenses. This puts the employee delivery driver not only in a disadvantage, but it goes as far as making each employee's net pay well below the federal minimum hourly rate. Defendants are essentially offsetting their business costs onto the employee, making the employee responsible for the costs and expenses associated with the operation of Defendants' business.

91. Defendants have previously and continue to currently pay Plaintiff and Class Members well below the minimum wage required by law and have not compensated Plaintiff and Class for any of the business-related automobile expenses incurred by Plaintiff and the Class.

92. Defendants have derived and continue to derive substantial benefits from this practice or custom of requiring employee delivery drivers to maintain, operate, and cover their own expenses for their own vehicles. Defendants therefor offset any costs of expenses associated with investing in purchasing company vehicles or paying for costs associated with automobile expenses. These substantial benefits conferred upon Defendants come at the detriment and expense of Plaintiff and the Class.

93. Defendants failure to properly compensate Plaintiff and the Class was willfully perpetrated< that is, defendants' violation of the Fair Labor Standards Act was willful.

94. Accordingly, as a direct and proximate result of the illegal acts of the Defendants, Plaintiff and the Class have been harmed and suffered damages from Defendants failure to adequately pay Plaintiff and the Class at or above the minimum wage established under the Fair Labor Standards Act.

95. Defendants owe plaintiffs and the class the difference of what his net effective pay was, and the hourly rate he should have been paid. Upon information and belief, this amounts to over $250,000 for the class.

## COUNT II
## VIOLATIONS OF THE ANTI-KICK-BACK PROVISIONS OF THE FLSA, 29 C.F.R. § 531.35
### Defendants' Unlawful Employment Kick-back Requirements
### (*Against All Defendants*)

96. Plaintiff incorporates by reference each and every preceding paragraph and allegation contained in this complaint as if fully copied and set forth at length herein.

Matias Rossello and All Others Similarly Situated v. Epoch LLC, et al.                    21

97. By requiring Plaintiff and the Class to maintain and operate their own vehicles as a condition of employment, without providing any realistic reimbursement to cover the associated costs, Defendants are profiting off of Plaintiff and the Class in the form a kick-back, forbidden by 29 C.F.R. § 531.35.

98. 29 C.F.R. § 531.35 states:

> Whether in case or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.

99. Defendants are in violation of the kick-back provisions of 29 C.F.R. § 531.35.

100. Defendants require that Plaintiff and the Class maintain and operate their own vehicles in order to be employed by Defendants. Defendants require Plaintiff and the Class to cover all of their own automobile expenses.

101. An automobile is a tool of the trade of a delivery driver, which is to be used in or specifically required by Defendants for the delivery of products in the course of employment.

102. As Defendants require Plaintiff and the Class to maintain and operate their own vehicles, they are essentially putting the costs and expenses associated with delivery of the pizza on to the employee delivery driver.

103. By requiring Plaintiff and the Class to maintain and operate their own vehicles, Defendants are requiring Plaintiff and the Class to "kick-back" directly or indirectly to Defendants for

Defendants' benefit.  Given that Plaintiff and the Class are not adequately compensated for their mileage and other costs and expenses associated with operating and maintaining a vehicle for business purposes, this benefit conferred directly on Defendants is derived in whole or in part from the wage delivered to the employee.

104.   Defendants violate 29 C.F.R. § 531.35 each workweek, as the costs and expenses associated with maintaining, operating, and driving their automobiles in the course of employment as delivery drivers cuts into the minimum or overtime wages required to be paid to them under the Act.

105.   Accordingly, as a direct and proximate result of the illegal acts of the Defendants, Plaintiff and the Class have been harmed and suffered damages from Defendants failure to adequately pay Plaintiff and the Class at or above the minimum wage established under the Fair Labor Standards Act, as well as directly benefiting from the kick-backs received in violation of 29 C.F.R. § 531.35.

## COUNT III
## UNJUST ENRICHMENT
### Defendants' Unlawful Enrichment at the Expense of Plaintiff and the Class
### (*Against All Defendants*)

106.   Plaintiff re-alleges and incorporates by reference the allegations contained in all previous paragraphs as if fully set forth herein.

107.   Plaintiff and Members of the Class conferred a tangible economic benefit upon Defendants by providing their personal vehicles for the operation of Defendants' business.

108.   Additionally, Plaintiff and Members of the Class conferred a tangible economic benefit upon Defendants by themselves covering all of the automobile expenses associated with operation of Defendants' business, including incurring costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses.

109.    Moreover, Plaintiff and the Class conferred a tangible economic benefit upon Defendants by Defendants refusal to adequately reimburse Plaintiff and the Class for their business-related automobile expenses, resulting in Defendants failure to pay Plaintiff and the Class minimum wage.

110.    Defendants had knowledge that this benefit was conferred upon it.

111.    As a direct and proximate result of Defendants' wrongful acts or omissions, Defendants were unjustly enriched at the expense of the Plaintiff and the Class.

112.    Through its unfair acts and practices, Defendants have improperly obtained higher revenue margins and received less operational expenses by passing off the costs and expenses of product delivery onto Plaintiff and the Class, thereby failing to compensate Plaintiff and the Class at or above the federally mandated minimum wage.

113.    Defendants have been unjustly enriched at the expense of Plaintiff and the Class and their retention of this benefit under the circumstances would be inequitable.

114.    Plaintiff seeks an order requiring Defendants to make restitution to them and other Members of the Class.

## RELIEF REQUESTED

115.    WHEREFORE, Plaintiff and the Class respectfully prays this Honorable Court will grant the following relief:

A.    Finding this action satisfies the prerequisites for maintenance as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), and applicable case law, as well as certifying the Class as defined herein;

B.    Appointment of Plaintiff as representative of the Class and their legal counsel as Class legal counsel;

C.  Pursuant to Plaintiff's causes of action, entering judgement awarding Plaintiff and all Members of the Class restitution and/or other equitable relief, including, but not limited to, restitutionary disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the Class as a result of its unlawful business practices as described herein;

D.  Distribution of any moneys recovered on behalf of members of the Class via fluid recovery or cy press recovery where necessary and as applicable, to prevent Defendants from retaining the benefits of the wrongful conduct;

E.  Award the Plaintiff and Class Members compensatory and other damages for economic and non-economic damages identified herein, including all damages allowed by governing statutes; as well as Statutory pre-judgment and post-judgement interest;

F.  Award the Plaintiff and Class Members punitive damages as appropriate and as permitted by law;

G.  An order enjoining Defendants from continuing to violate the FLSA;

H.  An order enjoining Defendants from engaging in any form of retaliation against Plaintiff and Members of the Class for filing this litigation or for the bringing of administrative complaints regarding any matters addressed in this litigation;

I.  A judgment awarding Plaintiff and the Class their costs of this suit; including reasonable attorney's fees pursuant to Code of Civil Procedure § 1021.5 and as otherwise permitted by statute; and pre and post-judgment interests;

J.  Provide for any other Relief this Court might deem fair, just, and equitable.

## DEMAND FOR JURY TRIAL

116.    Plaintiff hereby demands a jury trial on all issues stated in this action.

WHEREFORE, it is respectfully requested that for the reasons stated above, this Honorable Court certify the class as requested, grant the complaint as pleaded, enter judgment in favor of the class in excess of $250,000.00, and award costs and attorneys' fees.

In San Juan, Puerto Rico, this 4th day of April, 2019.

I HEREBY CERTIFY that on this same date, I uploaded a pdf version of this document to the Court's CM/ECF system, which will send notice of its filing electronically to all parties of record, through their counsel of record.

Respectfully submitted,

S/ FRANCISCO E. COLÓN-RAMÍREZ
FRANCISCO E. COLÓN-RAMÍREZ
BAR NO.: 210510
E-mail: fecolon@colonramirez.com

**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920 Tel.:
(888) 760-1077
Fax: (305) 507-1920

&

KEITH ALTMAN
(*pro hac vice admission to be applied for*)
**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, MI 48033
(516)456-5885
kaltman@excololaw.com

*Attorneys for Plaintiff and the Class*

Matias Rossello and All Others Similarly Situated v. Epoch LLC, et al.          26