### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KEVIN OMAR MATÍAS-ROSELLÓ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** | **CIVIL NO.:  3:19-cv-01307-SCC-BJM** |
| **Plaintiffs** | **FAIR LABOR STANDARDS ACT** |
| **v.** | **JURY TRIAL DEMANDED** |
| **EPOCH LLC; FOT INVESTMENTS LLC D/B/A DOMINO'S PIZZA; CLUTCH CONSULTING, LLC** | |
| **Defendants** | |

### MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE COURT:**

**COME NOW**, Defendants **EPOCH LLC** ("Epoch") and **FOT INVESTMENTS LLC D/B/A DOMINO'S PIZZA** ("FOT") through their undersigned attorneys and hereby move for summary judgment against all counts. In compliance with Local Rule 56(b), a separate Supporting Statement of Material Facts is submitted in support.

### I.   PRELIMINARY STATEMENT

This action is bought by Kevin O. Matías-Roselló ("Plaintiff") on behalf of himself and purportedly on behalf of all other similarly situated current and former employees who worked as delivery drivers of Domino's Pizza in Puerto Rico for alleged violations of the minimum wage provisions guaranteed in the Fair Labors Standards Act of 1938, as amended, 29 U.S.C. §§ 206 *et al.* ("FLSA").  Although Plaintiff has captioned his Complaint as a Class Action, there is not a class action pending before the Court inasmuch as Plaintiff has not moved the Court to certify the class, nor has any other purported class member has opted-in pursuant to 29 U.S.C. § 216(b).  See Rivera-Colon v. Torres-Diaz, 252 F.Supp.3d 68, 71 n.1

(DPR 2017) (citing <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 310 n.1, 96 S.Ct. 1551 (1976)).  Thus, the only claims before this Court are Plaintiff's individual purported claims.

After the conclusion of all discovery, it is evident and undisputed that Plaintiff does not have and has not produced a single piece of evidence to support his claims.  All that Plaintiff has are conclusory allegations and improbable inference.  In cases such as this one, summary judgment is appropriate because Plaintiff merely relies upon unsupported speculations. See <u>Morris v. Government Development Bank of Puerto Rico</u>, 27 F.3d 746, 748 (1st Cir. 1994) ("[T]he nonmovant cannot simply rest on perfervid rhetoric and unsworn allegations.  When, for example, defendants invoke Rule 56 and identify a fatal flaw in a plaintiff's case, it becomes the plaintiff's burden to produce specific facts, in suitable evidentiary form, to contradict the flaw's existence and thereby establish the presence of a trialworthy issue.").  Thus, Defendants submit that this Honorable Court should not allow this case to go forward, and enter summary judgment since there are no genuine issues of material facts and Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims.

As it is fully briefed below in this motion and consistent with the Statement of Uncontested Facts separately filed in compliance with Local Rule 56(b), Plaintiff's allegations fail for the following reasons.  First and foremost, all counts against Epoch must be dismissed since Epoch has not and has ever employed Plaintiff.  Epoch is not an employer under the FLSA provisions and any other relative regulations, and Plaintiff simply cannot seek compensation or retribution from an entity that is not his employer.  Therefore, the Court should readily conclude that Epoch is not Plaintiff's employer and enter summary judgment in its favor.

Secondly, all counts against FOT should also be dismissed. Besides Plaintiff's reality that he does not have any piece of evidence whatsoever to prove his case, FOT fully compensated Plaintiff with all wages and vehicle expenses while making deliveries for FOT in compliance with 29 U.S.C. § 206(a) and 29 C.F.R. § 531.35.  FOT paid Plaintiff the federal minimum wage "free and clear" and additionally reimbursed $1 per every delivery he made. All payments in reimbursements were reasonably approximate of Plaintiff's actual expenses in compliance with 29 C.F.R. § 778.217(a) and (c)(2).  Since FOT adequately compensated Plaintiff for his work during his employment with FOT, Plaintiff's claims simply fail.

Therefore, for the reasons set forth below, summary judgment should be entered in Defendant's favor, thereby dismissing all counts of the Complaint.  And so is respectfully requested.

## II.   <u>STANDARD FOR SUMMARY JUDGMENT</u>

Summary Judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. <u>Cox v. Hainey</u>, 391 F.3d 25, 29 (1st Cir. 2004).  Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on motions for summary judgment. See, <u>Sands v. Ridefilm Corp.</u>, 212 F.3d 657, 660-61 (1st Cir. 2000).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. <u>DeNovellis v. Shalala</u>, 124 F.3d, 298, 306 (1st Cir.1997).  A fact is material if it might affect the outcome of a lawsuit under the governing law. <u>Morrissey v. Boston Five Cents Sav.Bank</u>, 54 F.3d 27, 31 (1st Cir. 1995).

A genuine issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial. <u>Morris v. Gov't Dev. Bank of Puerto Rico</u>, 27 F.3d 746, 748 (1st Cir.

1994); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, 511 U.S. 1018 (1994). In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257 (1986); Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001); Grant's Dairy v. Comm'r of Maine Dep't of Agric., 232 F.3d 8, 14 (1st Cir. 2000). In doing so, **the non-movant cannot rely on "conclusory allegations, improbable inferences, and unsupported speculation**." Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 413 (1st Cir. 2000) (emphasis added); Maldonado-Denis v Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994); Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

The facts included in the documents and the materials attached to a motion for summary judgment, as well as to the opposition papers, must be admissible or usable at trial. Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993). A non-movant's failure to present a statement of disputed facts, embroidered with specific citations to the record, "justifies the court deeming the facts presented in the movant's statements of undisputed facts admitted." Corrada Betances v. Sea-Land, Inc., 248 F.3d 40, 43 (1st Cir. 2001); Morales v. A.C. Orssleff's, 246 F.3d 32, 34 (1st Cir. 2001).

In ruling on a motion for summary judgment, the Court reviews the record in the light most favorable to the plaintiffs and draws all reasonable inferences in their favor. See LeBlanc v. Great American Insurance Co., 6 F.3d at 841.

The party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact for trial. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catred, 477 U.S. 317 (1986). After the moving party demonstrates that there are no

genuine issues of material facts, the non-movant must contradict the showing by identifying specific facts demonstrating that there is a trial-worthy issue.  After an adequate period of time for discovery, reliance upon pure speculation is unacceptable.  "Plaintiffs are required to garner either direct or circumstantial evidence to back upon their legal claims." Dominguez v. Eli Lilly and Co., 958 F.Supp. 721 (D.P.R. 1997), aff'd 141 F.3d 1149 (1st Cir. 1998).

### III.   DISCUSSION

#### A. ALL COUNTS AGAINST EPOCH LLC SHOULD BE DISMISSED

Plaintiff's allegations against Epoch dramatically fail. Plaintiff alleges that EPOCH (i) failed to adequately compensate Plaintiff at the federally mandated minimum wage for all hours worked in violation of the FLSA, (ii) unlawfully employed a "kick back" when requiring Plaintiff to maintain and operate his vehicle for making deliveries without providing an adequate reimbursement in violation of 29 C.F.R. § 531.35, and (iii) unjustly benefited at Plaintiff's car expenses.  However, EPOCH has never employed Plaintiff nor is an "employer" as defined in the FLSA. (See Statement of Uncontested Facts ¶¶ 1-3).

Under the FLSA, the term "employ" is defined as "to suffer or permit to work." Id. § 203(g).  The FLSA also defines an "employee" as "any individual employed by an employer," and an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee ...." Id. §§ 203(e)(1); (d).  The First Circuit considers the "economic reality of the totality of the circumstances ...." Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 675 (1st Cir. 1998) (citation omitted). To make a determination, the Court will consider four factors, namely whether the purported employer: "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or

conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." <u>Id</u>. (citation omitted).

Here, Plaintiff has never been employed by Epoch.  Epoch did not hire Plaintiff and did not control his work schedule or conditions of employment and payments.  Therefore, EPOCH is not his employer and is not subject to the FLSA or any related regulation.

In light of the above, Plaintiff is barred from demanding minimum wage from Epoch and proper reimbursements for vehicle expenses and any of the reliefs alleged in his Complaint.  Simply put, there is no relation whatsoever between Plaintiff and Epoch. Accordingly, all counts against Epoch should be dismissed, and summary judgment must be entered in its favor.

**B.  ALL COUNT AGAINST FOT INVESTMENTS LLC SHOULD ALSO BE DISMISSED**

*i.      FOT Investments LLC paid proper minimum wage*

Plaintiff alleges that FOT did not pay proper minimum wage and failed to adequately compensate for the mileage and other costs and expenses associated with operating and maintaining his vehicle while making deliveries.  Yet, FOT paid the proper minimum wage of $7.25 per hour worked and suitably compensated Plaintiff by reimbursement for the usage of this vehicle while making deliveries.

The FLSA provides that employers must pay their employees at least a minimum wage for all hours worked. <u>Capron v. Office of the AG of Mass.</u>, 944 F.3d 9, 17 (1st Cir. 2019). Currently, the federal minimum wage is $7.25 per hour. 29 U.S.C. § 206(a)(1).  The FLSA also requires employers to pay wages "free and clear," which means employers are prohibited from charging employees for certain expenses "if such expenses would drive the employee's pay below minimum wage." <u>United States v. Gordon</u>, 852 F.3d 126, 139 n.14 (1st Cir. 2017),

cert. denied, ––– U.S. ––––, 138 S.Ct. 256, 199 L.Ed.2d 165 (2017); see 29 C.F.R. § 531.35 (noting that wages "cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally").

Plaintiff was employed by FOT Investments LLC from the period of February 15, 2017 to October 6, 2019 and, according to his employment contract, he was paid the federal minimum wage of $7.25 per hour. (See Statement of Uncontested Facts ¶¶ 5,6,9, and 20). During that period as a part-time delivery driver, Plaintiff was "free and clear" paid for his services a total of $26,322.65 for 3,318.60 hours, 21.68 Time and a Half hours, 91.25 Vacation hours, 6 Sick hours, and Meal Time penalty. (See Statement of Uncontested Facts ¶¶ 14-16). That total payment was final, unconditional, and in total compliance with 29 U.S.C § 206(a) and 29 C.F.R. § 531.35.

ii.   *Reimbursements for car usage while making deliveries are reasonably approximated to Plaintiff's actual expenses*

In addition to the minimum wage of $7.25, Plaintiff was paid $1 per each and every delivery he made for the costs of maintaining and operating his vehicle while making the deliveries.  FOT uses a reimbursement for fixed and variable vehicle expenses.  However, Plaintiff avers that the $1 per delivery reimbursed by FOT is less than the IRS recommended mileage reimbursement rate.  Plaintiff candidly recognizes in his Complaint that the IRS Business Standard Mileage is **recommendable**, not mandatory or required.  Accordingly, FOT is not compelled to use the IRS standard rate when its reimbursement of fixed and variable vehicle expenses method duly complies with the FLSA and relative regulations. Thus, Plaintiff must prove that **$1 per delivery** did not reasonably approximate the expenses incurred.

A reimbursement to cover expenses incurred on the employer's behalf or for the employer's convenience is sufficient if it "reasonably approximate the expenses incurred." 29 C.F.R. § 778.217(a).  Reimbursement for employee travel expenses qualifies as reasonable *per se* under 29 CFR § 778.217(c)(2) as payment if it "[i]s the same **or less** than the maximum reimbursement payment or per diem allowance permitted for the same type of expenses under 41 CFR subtitle F (the Federal Travel Regulation System) or IRS guidance under 26 CFR 1.274-5(g) or (j)." (Emphasis added).  This regulation allows employers to approximate expenses at a rate **lower than the IRS standard rate**.  Such regulation cannot be read to require the employer to use the IRS standard rate. See Sullivan v. P.J. United, Inc., 362 F.Supp. 3d 1139, 1154-55 (N.D. Ala. 2018) ("Defendants only have to pay [Plaintiff] the minimum wage after deducting actual expenses and including reimbursements—not the IRS standard business rate."); Perrin v. Papa John's Int'l, Inc., 114 F.Supp. 3d 702, 721-22 (E.D. Mo. 2015) ("The Court has reviewed the non-binding authority cited by Plaintiffs and finds that, at most, they suggest that IRS standard business mileage rate may be a reasonable appropriation of employee vehicle expenses. These authorities do not suggest that the IRS rate is the only reasonable approximation of such expenses.").  Consequently, the IRS Business Standard Mileage Rate is optional and is not required.  As long as the employer uses a method that reasonably approximates actual business expenses incurred by the employee, the employer will comply with 29 U.S.C. § 206(a) and 29 C.F.R. § 778.217(a) and (c)(2).

In Plaintiff's case, the fixed reimbursement established by FOT was of $1.  One dollar per delivery is reasonable compensation for the limited average mile radius area per store. That amount was not part of Plaintiff's minimum wage compensation.  It was a reimbursement in consideration of the expenses attributable to Plaintiff's use of his vehicle

for FOT.  In other words, Plaintiff received an additional payment besides his minimum wage to cover the expenses incurred on behalf of FOT.  It should be noted that $1 per delivery does not imply $1 per route.  Plaintiff was paid for every delivery order placed by a client, which means that if Plaintiff made two deliveries in one route, he was paid **$2 per route** so forth.

During his employment time with FOT, Plaintiff made a total of 3,370 deliveries in which **he was paid for a total amount of $3,453.00**. (See Statement of Uncontested Facts ¶¶ 17, 18, and 19).  Thus, this amount in reimbursement is proper compensation for Plaintiff's usage of his vehicle. Plaintiff cannot prove otherwise, as discussed below in section (B)(iv).

### iii.    Plaintiff was not a tipped employee as defined by FLSA

On the other hand, Plaintiff alleges that FOT did not provide oral or written notice to Plaintiff of the use of tip credit in advance.  However, Plaintiff was not a tipped employee, and FOT did never take a tip credit against his hourly rate.  The FLSA provides an exception—a "tip credit"—to the minimum wage requirement, which allows "an employer [to] pay a tipped employee a cash wage as low as $2.13 per hour and count the tips received to make up the difference between the hourly wage paid and the prevailing hourly minimum wage rate." Perez v. Lorraine Enters., 769 F.3d 23, 27 (1st Cir. 2014) (citing 29 U.S.C. § 203(m)).  In order to be eligible for the exception, employees must be "tipped employees" as defined by statute. Perez, 769 F.3d at 27.  Under the FLSA, a tipped employee is one who is "engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

Despite that Plaintiff received some tips from the customers while making deliveries, he did not record how many tips he actually received. (See Statement of Undisputed Facts

¶13).  In fact, FOT did not charge customers for tips and did not retain any tips from Plaintiff. Moreover, FOT did not require Plaintiff to report if any tips were given whatsoever.  The tips that Plaintiff received were given directly to him, and he did not ever report them to FOT. (See Statement of Undisputed Facts ¶¶ 10 and 11).  Accordingly, FOT does not have any record of any tips that Plaintiff received.

As his employer, FOT always complied with the minimum wage provisions of the FLSA and paid Plaintiff $7.25 per hour worked.  It has never paid Plaintiff less than that amount for his hours worked and has ever considered tips as part of his compensation.  Since Plaintiff is not a tipped employee as defined by the FLSA, FOT did not have to comply with 29 C.F.R. §§ 531.56-531.59(b) and to provide oral or written notice of the use of tip credit in advance and take the tip credit against Plaintiff's minimum wage salary nor possess any no records in that regard.

Therefore, FOT respectfully requests that this Honorable Court determine that Plaintiff properly received minimum wage for his hours worked in compliance with 29 U.S.C § 206(a) and 29 C.F.R. § 531.35, and that he was adequately compensated for the usage of his vehicle.  Accordingly, Count I and II of the Complaint must be dismissed, and summary judgment should be entered in FOT's favor.

*iv.      Plaintiff has no evidence whatsoever to support his allegations in his Complaint*

Upon discovery's conclusion, Plaintiff has not produced a single piece of evidence in support of his Complaint.  The reason is simple: Plaintiff has no record of any alleged expenses that FOT purportedly failed to compensate.  Nor has Plaintiff hired an expert to make an assessment or a calculation of such costs.  To prevail on all of his claims, Plaintiff must establish by a preponderance of the evidence that the reimbursements received for his

vehicle usage were not reasonably approximate of his actual expenses, and thus he had to use his own salary to compensate the costs not covered by his employer.  For that, Plaintiff must show or be able to at least calculate his actual expenses while making deliveries for FOT, including gas payments receipts, tires and brake repairs, oil changes, insurance other than the Puerto Rico mandatory, and any other evidence that Plaintiff had to take his vehicle to the mechanic for damages attributable to the deliveries.  Further, he must prove that the $1 reimbursement per delivery does not cover his actual expenses.  However, no evidence has been produced by Plaintiff in that regard.  In fact, during Plaintiff's deposition, he candidly admitted that he does not possess any record whatsoever of his purported expenses. (See Statement of Uncontested Facts ¶¶ 21- 24).

Plaintiff cannot at this stage of the proceedings rest merely upon conclusory allegations and unsupported speculation as asserted in the Complaint. See Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (Summary Judgment is appropriate if the nonmovant's case [Plaintiff] rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation.").  That is all that Plaintiff has; pure conclusory allegations that he is not able to express, understand, or defend). Besides, as per Plaintiff's admissions, he cannot even recall the allegations of the Complaint nor has discussed them with any other purported class member. (See Statement of Uncontested Facts ¶¶ 21 and 22).  The crux of the matter is that Plaintiff, without any evidence whatsoever, cannot establish that his actual vehicle expenses exceed the reimbursed amount of **$3,453.00.**

Moreover, the FLSA does not require an employer to keep records of employees' actual expenses. § 516.2(a)(10).  It "would not make sense for the FLSA to impose on an

employer the obligation to keep a record when control over that record is exercised by the employee, rather than the employer." <u>Morangelli v. Chemed Corp.</u>, 922 F.Supp. 2d 278, 302 (E.D.N.Y. 2013) see also <u>Sullivan v. P.J. United Inc.</u>, 362 F. Supp 3d 1139, 1151 (N.D. Ala. 2018) ("Section 516.6(c)(2) does not require that employers keep records of each employee's expenses, but rather the methodology used to arrive at the additions or deductions from wages paid."). According to the FLSA, Plaintiff must keep a record of his actual expenses and produce them to the employer if he believes that the reimbursements were not enough. In fact, Plaintiff never produced those expenses to his employer and had never complained about the reimbursement prior to the filing of the Complaint. It is now pellucid why he never did it; he does not have any proof whatsoever.

Further, Plaintiff does not have any records of the distances traveled while making deliveries either. (See Statement of Uncontested Facts ¶ 23). Having no evidence about the mileage he traveled defeats his argument regarding the claim of 29 C.F.R. § 531.35. Plaintiff purports that FOT did not use the reimbursement rate as in IRS recommendable rate. Yet, as discussed in section B(ii) of this motion, **the IRS Business Standard Mileage is not mandatory**.

Even worse, not only Plaintiff has no evidence in support of his claim, but he did not consult or hire an expert for making an assessment of his purported vehicle expenses. (See Statement of Uncontested Facts ¶ 24). Without evidence and/or an expert report, Plaintiff simply cannot demonstrate before a jury that his vehicle expenses were not reasonably approximated reimbursed to his actual expenses and that FOT employed an unlawful kick back in violation of the minimum wages' provisions of FLSA. Even if he had an expert, it would have the same problem because Plaintiff has no record of the expenses incurred to

support any opinion.  This Honorable Court should not allow Plaintiff to go forward with his unsupported conclusory claims.  Allowing Plaintiff's case would cause a waste of the Court's resources, which is against the procedural economy.

FOT stresses that $1 per delivery reasonably covers the vehicle expenses that Plaintiff incurred while making the deliveries.  Plaintiff was paid a total of $3,453.00 for the costs incurred in addition to the $26,322.65 paid "free and clear" on wages.  Plaintiff simply cannot prove otherwise since he is unable to calculate his actual expenses and cannot support that his rate ever dropped below the federally mandated minimum wage.

> v.    *Plaintiff's Unjust Enrichment claim fails*

Plaintiff finally alleges that FOT unjustly enriched its refusal to reimburse Plaintiff for his business-related automobile expenses adequately.  To prevail on unjust enrichment claim, Plaintiff must prove the following elements: "(1) existence of enrichment; (2) a correlative loss; (3) nexus between loss and enrichment; (4) lack of cause for enrichment; and (5) absence of a legal precept excluding application of enrichment without cause." Hatton v. Mun. de Ponce, 1994 P.R. -Eng. 909, 605, 134 D.P.R. 1001, 1010 (P.R. 1994); see also Puerto Rico Tel. Co. v. SprintCom, Inc., 662 F.3d 74, 97 (1st Cir. 2011).  This civil law equity doctrine can be invoked "when the laws have not foreseen a situation where a patrimonial shift occurs and which shift cannot be rationally explained by the prevalent body of law" Ortiz-Adújar v. Commonwealth of Puerto Rico, 22 P.R. Offic. Trans. 774, 122 D.P.R. 817 (P.R. 1988).

Evidently, Plaintiff simply cannot demonstrate any of the elements for an unjust enrichment claim.  As per the section above, Plaintiff has no evidence whatsoever of his purported loss and, of course, no evidence connecting that loss with the purported

enrichment.  Plaintiff contracted with FOT that he would be working as a part-time delivery driver.  As part of his responsibilities, he was required to use his vehicle for deliveries and for such use, he was paid minimum wage plus was reimbursed an amount of $1 per delivery. That was part of his employment commitment, and he was adequately compensated for it. Thus, it is pellucid that Plaintiff cannot prove all the elements of an unjust enrichment claim, and Count III should also be dismissed.

### IV.    <u>CONCLUSION</u>

Epoch LLC is not Plaintiff's employer. Epoch did not hire Plaintiff and did not control his work schedule or conditions of employment and payments.  Accordingly, it is not an employer subject to the FLSA.  Thus, all counts against Epoch should be dismissed.  Further, FOT paid Plaintiff a minimum wage "free and clear" in total compliance with 29 U.S.C § 206(a) and 29 C.F.R. § 531.35.  Besides his minimum wage salary, FOT paid Plaintiff $1 per delivery in a refund for his vehicle expenses.  That amount was not part of Plaintiff's minimum wage compensation.  Rather, it was an additional remuneration in consideration of the expenses attributable to Plaintiff's use of his vehicle for FOT, which is reasonable pursuant to 29 C.F.R. § 778.217(a) and (c)(2).  Therefore, this Honorable Court should conclude that Plaintiff was fully remunerated for his employment with FOT in compliance with the applicable provisions of the FLSA.

On the other hand, Summary Judgment is appropriate where Plaintiff's case rests upon "conclusory allegations, improbable inference, and unsupported speculations." <u>Forestier Fradera</u>, 440 F.3d at 254.  Plaintiff has no evidence connecting any violation of his 29 U.S.C. § 206(c), 29 C.F.R. § 531.35, and unjust enrichment claims, thus cannot prove any of his allegations before a jury trial.  Even in assessing this motion in Plaintiff's favor, this

Honorable Court can readily conclude that there is no genuine factual dispute as to Defendants purported violation of Plaintiff's minimum wages, unlawful employment kick back requirements, and unjust enrichment.  Therefore, all counts alleged in the Complaint should be dismissed for the reasons stated above, and summary judgment must be entered in Defendants' favor.

**WHEREFORE**, Defendants EPOCH, LLC and FOT INVESTMENTS LLC respectfully request that this Honorable Court should enter Summary Judgment in their favor, thereby dismissing all counts of the Complaint with any other remedy deem appropriate in favor of Defendants.

**RESPECTFULLY SUBMITTED**.

**WE HEREBY CERTIFY** that on this same date a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the attorneys of record.

In San Juan, Puerto Rico, this 20th day of May, 2021.

**VICENTE & CUEBAS**
**P.O. Box 11609**
**San Juan, P.R. 00910-1609**
**Phone (787) 751-8000**
**Fax (787) 756-5250**

*s/ Harold D. Vicente*
**Harold D. Vicente**
USDC-PR 117711
E-Mail:  *hvicente@vclawpr.com*
*pochart@vclawpr.com*

*s/ Harold D. Vicente-Colón*
**Harold D. Vicente Colón**
USDC-PR  211805
E-Mail:  *hdvc@vclawpr.com*

**BAERGA & QUINTANA**
**416 Ave. Ponce de León**
**Edif. Union Plaza, Ofic. 810**
**San Juan, Puerto Rico 00918-3426**
**Tel.:   (787) 753-7455**
**Fax:   (787) 756-5796**

*s/ Reynaldo A. Quintana Latorre*
**Reynaldo A. Quintana Latorre, Esq.**
USDC-PR  211104
*rquintana@bqlawoffices.com*