## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KEVIN OMAR MATÍAS-ROSELLÓ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CIVIL NO.: 3:19-cv-01307 (ADC) |
| **Plaintiffs** | **FAIR LABOR STANDARDS ACT** |
| v. | |
| EPOCH LLC; FOT INVESTMENTS LLC D/B/A DOMINO'S PIZZA; CLUTCH CONSULTING, LLC | **JURY TRIAL DEMANDED** |
| **Defendants** | |



## **EPOCH' ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Fed.R.Civ.P. 33, Defendant EPOCH LCC, ("EPOCH") by and through their undersigned representative, hereby objects and respond to Plaintiffs' First Set of Interrogatories dated February 25, 2020, served in connection with the above-captioned action, as follows:

## **GENERAL OBJECTIONS**

The EPOCH Defendants respond to the Interrogatories subject to the General Objections set forth below. These limitations and objections, which form a part of the EPOCH' responses to each Interrogatory, are set forth herein to avoid the duplication and repetition of restating them for each individual response. The General Objections may also be specifically referred to in the EPOCH' responses to certain of the Interrogatories for purposes of emphasis where appropriate. Failure to repeat any General Objection in response to an Interrogatory should not be construed as a waiver of any General Objection.

A. EPOCH objects generally to Plaintiff's Interrogatories to the extent that they seek to impose upon EPOCH obligations that are beyond those prescribed by the Rules of Civil Procedure.

B. EPOCH objects to the general scope of the Interrogatories as overbroad, unduly burdensome and not reasonably calculated to yield relevant documents or information.

C. EPOCH objects to the Interrogatories to the extent they are vague, ambiguous and/or fail to specify the documents or information sought with reasonable particularity.

D. EPOCH objects to the Interrogatories to the extent that they call for disclosure of documents or information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege. EPOCH will not intentionally disclose such information, and any inadvertent disclosure or production of the kinds of information identified in this paragraph shall not be deemed a waiver of any privilege, immunity or protection.



E. EPOCH does not admit, adopt or acquiesce to any factual or legal contention, assertion, characterization or implication contained in these Interrogatories.

F. These responses are based on the information and documents reasonably available to EPOCH at this time, and are submitted without prejudice of the information and/or documents that may be later acquired by the EPOCH through further investigation and/or discovery. EPOCH reserve the right to alter, supplement, amend or otherwise modify these responses.

G. Subject to these General Objections, which EPOCH hereby incorporate into each response below, EPOCH respond to each of the Interrogatories as follows:

## SPECIFIC RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

State the full name (both surnames), physical address and telephone number of the individual who signs the answers to these interrogatories, and state the source of the authority they have to sign answers on behalf of Epoch LLC.

**RESPONSE TO INTERROGATORY NO. 1:**

**Viviana Candelario Acevedo, 655 Marginal Del Parque, área los colobos, Carolina P.R. 00987, (787) 253-0200, Human Resources Director.**

INTERROGATORY NO. 2:

State the full name, address and percent interest of all members of Epoch LLC.

**RESPONSE TO INTERROGATORY NO. 2:**

**Edward Lieberman owns the 100% interest of Epoch LLC.**

INTERROGATORY NO. 3:

Explain the relationship between FOT Investments LLC and Epoch LLC.

**RESPONSE TO INTERROGATORY NO. 3:**

**FOT is a sub-franchisee of Epoch. Epoch is a master franchisee of Domino's Pizza.**

INTERROGATORY NO. 4

Explain the relationship between Epoch LLC and Clutch Consulting LLC.

**RESPONSE TO INTERROGATORY NO. 4:**

**There is no relationship between Epoch and Clutch.**

INTERROGATORY NO. 5:

How many delivery drivers has Epoch LLC employed since April 4, 2016?

**RESPONSE TO INTERROGATORY NO. 5:**

**None. EPOCH does not have any employees.**

INTERROGATORY NO. 6:

How many delivery driver hours has Epoch LLC paid at $7.25 since April 4, 2016?

**RESPONSE TO INTERROGATORY NO. 6:**

**None. EPOCH does not have any employees.**

INTERROGATORY NO. 7:

Does Domino's Pizza provide franchisees such as Epoch LLC apps or software that has a feature that if enabled would allow Epoch LLC to know how many miles its delivery drivers drive during any given shift?

**RESPONSE TO INTERROGATORY NO. 7:**

**EPOCH objects Interrogatory No. 7 because EPOCH does not have employees nor has ever employed Kevin Matías.**

INTERROGATORY NO. 8:

Since April 4, 2016 to date has Epoch LLC required delivery drivers to install on their smartphones any software or application? If so,
   a. What is the purpose of said software or application?
   b. When did Epoch LLC first use said software of application in Puerto Rico?
   c. Did this software or application have a feature that if enabled would have allowed Epoch LLC to either track their delivery drivers or know how many miles they had driven on a particular shift?
   d. Did Epoch LLC use said feature in Puerto Rico? If not, why not?

**RESPONSE TO INTERROGATORY NO. 8:**

**EPOCH objects Interrogatory No. 8 because EPOCH does not have employees nor has ever employed Kevin Matías.**

INTERROGATORY NO. 9:

Since April 4, 2016, how has Epoch LLC calculated the distance driven by a delivery driver for each delivery?

**RESPONSE TO INTERROGATORY NO. 9:**

**EPOCH objects Interrogatory No. 9 because EPOCH does not have employees nor has ever employed Kevin Matías.**

INTERROGATORY NO. 10:

Since April 4, 2016, how has Epoch LLC calculated the per delivery cost to the delivery driver of operating his own vehicle for each delivery?

**RESPONSE TO INTERROGATORY NO. 10:**

**EPOCH objects Interrogatory No. 10 because EPOCH does not have employees nor has ever employed Kevin Matías.**

INTERROGATORY NO. 11:

What was the basis for Epoch LLC to pay a delivery driver $1.00 per delivery (in addition to their hourly wage)?

**RESPONSE TO INTERROGATORY NO. 11:**

**EPOCH objects Interrogatory No. 11 because EPOCH does not have employees nor has ever employed Kevin Matías.**

INTERROGATORY NO. 12:

How did Epoch LLC determine that in its view $1.00 per delivery adequately compensated a delivery driver for their costs of operating their motor vehicle as a delivery driver?

**RESPONSE TO INTERROGATORY NO. 12:**

**EPOCH objects Interrogatory No. 12 because EPOCH does not have employees nor has ever employed Kevin Matías.**

INTERROGATORY NO. 13:

Give the full name, residential and work address, occupation, and relationship to you of each and every witness you intend to use at the trial of the instant case, and give a brief summary of the subject of their testimony.

**RESPONSE TO INTERROGATORY NO. 13:**

1. **Alberto Narváez.**
   Director

   #655 Marginal del Parque Area Los Colobos Carolina PR 00987
   phone 787-253-0200

   Subject of Information: Personal knowledge regarding FOT's business operations and its relationship with Epoch. Also, as to the delivery driver compensation.

2. **Viviana Candelario Acevedo**
   Human Resources Director

   #655 Marginal del Parque Area Los Colobos Carolina PR 00987
   phone 787-253-0200

   

   Subject of Information: Personal knowledge regarding FOT norms and regulations, payrolls and requirements for the job position mentioned in the complaint. Also, as to Kevin Matías personnel file, including FOT internal letters.

3. **Edward Liberman**
   Owner of Epoch and Co-owner of FOT Investment LCC

   #655 Marginal del Parque, Area Los Colobos, Carolina PR, 00987
   phone 787-253-0200

   Subject of Information: Personal knowledge of FOT and Epoch's business operations.

4. **Josue Rivera**
   Manager of the South and West area.

   #655 Marginal del Parque Area Los Colobos Carolina PR 00987
   phone 787-253-0200

   Subject of Information: Personal knowledge with regard to the issues alleged in the complaint. The requirements for a driver position, the day to day operations of the store and Kevin Matías employment.

   Epoch hereby reserve the right to amend or modify the list of witnesses subject

to the finding during the discovery proceedings.

INTERROGATORY NO. 14:

Describe and identify each item of documentary evidence you intend to present at trial.

**RESPONSE TO INTERROGATORY NO. 14:**

**At this time, Epoch has not yet identified all the documentary evidence to be use. Therefore, it reserves the right to notify additional documentary evidence do so later if necessary. Subject to the General objections and the foregoing objections, Epoch intends to present Kevin Matias' personnel file and/or any other document produced in discovery.**

INTERROGATORY NO. 15:

From April 4, 2017 to April 4, 2019, how did you keep track of:
   a. How many deliveries a delivery driver made per shift;
   b. How many deliveries a delivery driver made per trip;
   c. The distance driven by each delivery driver per delivery;
   d. The distance driven by each delivery driver per trip.

**RESPONSE TO INTERROGATORY NO. 15:**

**EPOCH objects Interrogatory No. 15 because EPOCH does not have employees nor has ever employed Kevin Matías.**

INTERROGATORY NO. 16:

At present, how did you keep track of:
   a. How many deliveries a delivery driver made per shift;
   b. How many deliveries a delivery driver made per trip;
   c. The distance driven by each delivery driver per delivery;
   d. The distance driven by each delivery driver per trip.

**RESPONSE TO INTERROGATORY NO. 16:**

**EPOCH objects Interrogatory No. 16 because EPOCH does not have employees nor has ever employed Kevin Matías.**

**Statement under Penalty of Perjury**

(Tit. 28 USC § 1746)

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 17, 2020

*[signature]*

Viviana Candelario Acevedo

I certified that a true copy of <u>DEFENDANTS' ANSWERS TO PLAINTIFFS FIRST SET OF INTERROGATORIES</u> was served by e-mail to: Francisco E. Colón-Ramírez (<u>fecolon@colonramirez.com</u>), attorney for Plaintiffs on November 17, 2020.