**EXHIBIT 3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KEVIN OMAR MATÍAS-ROSELLÓ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiffs<br><br>v.<br><br>EPOCH LLC; FOT INVESTMENTS LLC D/B/A DOMINO'S PIZZA; CLUTCH CONSULTING, LLC<br><br>Defendants | CIVIL NO.: 3:19-cv-01307 (ADC)<br><br><br>FAIR LABOR STANDARDS ACT<br><br><br><br>JURY TRIAL DEMANDED |

### FOT' ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Fed.R.Civ.P. 33, FOT Investment LL, ("FOT") by and through their undersigned representative, hereby object and respond to Plaintiffs' First Set of Interrogatories dated February 25, 2020, served in connection with the above-captioned action, as follows:

### GENERAL OBJECTIONS

FOT responds to the Interrogatories subject to the General Objections set forth below. These limitations and objections, which form a part of FOT's responses to each Interrogatory, are set forth herein to avoid the duplication and repetition of restating them for each individual response. The General Objections may also be specifically referred to in FOT's responses to certain of the Interrogatories for purposes of emphasis where appropriate. Failure to repeat any General Objection in response to an Interrogatory should not be construed as a waiver of any General Objection.



A. FOT objects generally to Plaintiff's Interrogatories to the extent that they seek to impose upon FOT obligations that are beyond those prescribed by the Rules of Civil Procedure.

B. FOT objects to the general scope of the Interrogatories as overbroad, unduly burdensome and not reasonably calculated to yield relevant documents or information.

C. FOT objects to the Interrogatories to the extent they are vague, ambiguous and/or fail to specify the documents or information sought with reasonable particularity.

D. FOT objects to the Interrogatories to the extent that they call for disclosure of documents or information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege. FOT will not intentionally disclose such information, and any inadvertent disclosure or production of the kinds of information identified in this paragraph shall not be deemed a waiver of any privilege, immunity or protection. 

E. FOT does not admit, adopt or acquiesce to any factual or legal contention, assertion, characterization or implication contained in these Interrogatories.

F. These responses are based on the information and documents reasonably available to FOT at this time, and are submitted without prejudice of the information and/or documents that may be later acquired by the FOT through further investigation and/or discovery. FOT reserve the right to alter, supplement, amend or otherwise modify these responses.

G. Subject to these General Objections, which FOT hereby incorporate into each response below, FOT responds to each of the Interrogatories as follows:

## SPECIFIC RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

State the full name (both surnames), physical address and telephone number of the individual who signs the answers to these interrogatories, and state the source of the authority they have to sign answers on behalf of FOT Investments LLC.

**RESPONSE TO INTERROGATORY NO. 1:**

**Viviana Candelario Acevedo, 655 Marginal Del Parque, área los colobos, Carolina P.R. 00987, (787) 253-0200, Human Resources Director.**

INTERROGATORY NO. 2:

State the full name, address and percent interest of all members of FOT Investments LLC.

**RESPONSE TO INTERROGATORY NO. 2:**

**Edward Lieberman, Zack Lieberman and Brian Lieberman, each owned a 33.3% of interest of FOT Investment LLC.**

INTERROGATORY NO. 3: Explain the relationship between FOT Investments LLC and Epoch LLC.

**RESPONSE TO INTERROGATORY NO. 3:**

**FOT is a sub-franchisee of Epoch. Epoch is the master franchisee of Domino's Pizza.**

INTERROGATORY NO. 4: Explain the relationship between FOT Investments LLC and Clutch Consulting LLC.

**RESPONSE TO INTERROGATORY NO. 4:**

**There is no relationship between FOT and Clutch.**

INTERROGATORY NO. 5:

How many delivery drivers has FOT Investments LLC employed since April 4, 2016?

**RESPONSE TO INTERROGATORY NO. 5:**

**FOT objects Interrogatory No. 5 because FOT was not a Domino's franchisee prior February 27, 2017. Subject to the General objections and the foregoing objections, FOT employed approximately nine hundred (900) drivers. Not all of these drivers worked at the same period of time, some of them work for a very short time, during summer season or a high season.**

INTERROGATORY NO. 6:

How many delivery driver hours has FOT Investments LLC paid at $7.25 since April 4, 2016?

**RESPONSE TO INTERROGATORY NO. 6:**

**FOT objects Interrogatory No. 6 because FOT was not a Domino's franchisee prior February 27, 2017. Subject to the General Objections and the foregoing objections, FOT paid seven hundred forty four thousand (744) of delivery hours at $7.25.**



INTERROGATORY NO. 7:

Does Domino's Pizza provide franchisees such as FOT Investments LLC apps or software that has a feature that if enabled would allow FOT Investments LLC to know how many miles its delivery drivers drive during any given shift?

**RESPONSE TO INTERROGATORY NO. 7:**

**No. This response is based on the information and documents reasonably available to FOT at this time.**

INTERROGATORY NO. 8:

Since April 4, 2016 to date has FOT Investments LLC required delivery drivers to install on their smartphones any software or application? If so,
  a. What is the purpose of said software or application?
  b. When did FOT Investments LLC first use said software of application in Puerto Rico?
  c. Did this software or application have a feature that if enabled would have allowed FOT Investments LLC to either track their delivery drivers or know how many miles they had driven on a particular shift?

　　d. Did FOT Investments LLC use said feature in Puerto Rico? If not, why not?

**RESPONSE TO INTERROGATORY NO. 8:**

**FOT objects Interrogatory No. 8 because FOT was not a Domino's franchisee prior February 27, 2017. Subject to the General Objections and the foregoing objections, FOT Investments LLC has not required delivery drivers to install on their smartphones any software or application.**

INTERROGATORY NO. 9:

Since April 4, 2016, how has FOT Investments LLC calculated the distance driven by a delivery driver for each delivery?

**RESPONSE TO INTERROGATORY NO. 9:**

**FOT objects Interrogatory No. 9 because FOT was not a Domino's franchisee prior February 27, 2017. Subject to the General objections and the foregoing objections, FOT Investments LLC does not calculate the distant driven by delivery driver for each delivery. However, FOT has evaluated the service area for each store in order to determine the average miles that each delivery driver might drive for each delivery.**



INTERROGATORY NO. 10:

Since April 4, 2016, how has FOT Investments LLC calculated the per delivery cost to the delivery driver of operating his own vehicle for each delivery?

**RESPONSE TO INTERROGATORY NO. 10:**

**FOT objects Interrogatory No. 10 because FOT was not a Domino's franchisee prior February 27, 2017. Subject to the General objections and the foregoing objections, FOT calculates the per delivery cost to the delivery driver of operating his own vehicle for each delivery based on the estimated average service area per store.**

INTERROGATORY NO. 11:

What was the basis for FOT Investments LLC to pay a delivery driver $1.00 per delivery (in addition to their hourly wage)?

**RESPONSE TO INTERROGATORY NO. 11:**

**Subject to, and without waiving the General Objections, not all deliveries are at one dollar ($1), depending on the service area of each store it might be one dollar ($1), one dollar with twenty cents ($1.20) or one dollar with twenty-five cents ($1.25).**

INTERROGATORY NO. 12:

How did FOT Investments LLC determine that in its view $1.00 per delivery adequately compensated a delivery driver for their costs of operating their motor vehicle as a delivery driver?

**RESPONSE TO INTERROGATORY NO. 12:**

**Refer to answer of interrogatory no. 11**



INTERROGATORY NO. 13:

Give the full name, residential and work address, occupation, and relationship to you of each and every witness you intend to use at the trial of the instant case, and give a brief summary of the subject of their testimony.

**RESPONSE TO INTERROGATORY NO. 13:**

1. **Alberto Narváez.
   Director**

   **#655 Marginal del Parque Area Los Colobos Carolina PR 00987
   phone 787-253-0200**

   **Subject of Information: Personal knowledge regarding FOT's business operations and its relationship with Epoch. Also, as to the delivery driver compensation.**

2. **Viviana Candelario Acevedo
   Human Resources Director**

   **#655 Marginal del Parque Area Los Colobos Carolina PR 00987
   phone 787-253-0200**

Subject of Information: Personal knowledge regarding FOT norms and regulations, payrolls and requirements for the job position mentioned in the complaint. Also, as to Kevin Matías personnel file, including FOT internal letters.

3. Edward Liberman
   Owner of Epoch and Co-owner of FOT Investment LCC

   #655 Marginal del Parque Area Los Colobos Carolina PR 00987
   phone 787-253-0200

   Subject of Information: Personal knowledge of FOT and Epoch's business operations.

4. Josue Rivera
   Manager of the South and West area.

   #655 Marginal del Parque Area Los Colobos Carolina PR 00987
   phone 787-253-0200

   

   Subject of Information: Personal knowledge with regard to the issues alleged in the complaint. The requirements for a driver position, the day to day operations of the store and Kevin Matías employment.

FOT hereby reserve the right to amend or modify the list of witnesses subject to the finding during the discovery proceedings.

INTERROGATORY NO. 14:

Describe and identify each item of documentary evidence you intend to present at trial.

**RESPONSE TO INTERROGATORY NO. 14:**

At this time, FOT has not yet identified all the documentary evidence to be use. Therefore, it reserves the right to notify additional documentary evidence do so later if necessary. Subject to the General objections and the foregoing objections, FOT intends to present Kevin Matías' personnel file and/or any other document produced in discovery.

INTERROGATORY NO. 15:

From April 4, 2017 to April 4, 2019, how did you keep track of:
   a. How many deliveries a delivery driver made per shift;
   b. How many deliveries a delivery driver made per trip;
   c. The distance driven by each delivery driver per delivery;
   d. The distance driven by each delivery driver per trip.

**RESPONSE TO INTERROGATORY NO. 15:**

**FOT objects Interrogatory No. 15 because FOT was not a Dominos franchisee prior February 27, 2017. Subject to the General Objections and the foregoing objections, FOT responds:**

   a. **Pulse software**
   b. **Pulse software**
   c. **Did not keep track**
   d. **Did not keep track**



INTERROGATORY NO. 16:

At present, how did you keep track of:
   a. How many deliveries a delivery driver made per shift;
   b. How many deliveries a delivery driver made per trip;
   c. The distance driven by each delivery driver per delivery;
   d. The distance driven by each delivery driver per trip.

**RESPONSE TO INTERROGATORY NO. 16:**

**Refer to answer of interrogatory no. 15**

**Statement under Penalty of Perjury**

(Tit. 28 USC § 1746)

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 17, 2020

Viviana Candelario Acevedo

I certified that a true copy of <u>DEFENDANTS' ANSWERS TO PLAINTIFFS FIRST SET OF INTERROGATORIES</u> was served by e-mail to: Francisco E. Colón-Ramírez (fecolon@colonramirez.com), attorney for Plaintiffs on November 17, 2020.