### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KEVIN OMAR MATÍAS-ROSELLÓ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>**Plaintiffs**<br><br>v.<br><br>EPOCH LLC; FOT INVESTMENTS LLC D/B/A DOMINO'S PIZZA; CLUTCH CONSULTING, LLC<br><br>**Defendants** | CIVIL NO.: 3:19-cv-01307 (ADC)<br><br>**FAIR LABOR STANDARDS ACT**<br><br>**JURY TRIAL DEMANDED** |

### FOT'S ANSWERS AND/OR OBJECTIONS TO RESQUEST FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Fed.R.Civ.P. 36, Defendant FOT Investments LCC ("FOT"), by and through their undersigned representative, hereby objects and respond to Plaintiffs Request for Admissions dated February 25, 2020, as follows:



### GENERAL OBJECTIONS

1. FOT objects to the *Request of Admissions* to the extent they seek information that is privileged or objectionable pursuant to the Rules of Evidence and/or Rules of Civil Procedure.

2. FOT objects to the *Requests for Admissions* to the extent they seek information that is not relevant to the issues pending in this proceeding or that would not reasonably lead to the discovery of admissible evidence. By providing any of the information requested, FOT does not concede the relevance thereof to the subject matter of this litigation or the admissibility of such information.

3.         These answers to the *Request for Admissions* are based on the information and documents available to FOT at this time. FOT reserves the right to notify additional information and/or to produce additional evidence that may be located in the future.

## ANSWER AND/OR OBJECTIONS

1. On February 15, 2017, FOT Investments LLC hired Kevin Matías as a delivery driver.

**Answer:**

**FOT admits that Kevin Matías was hired on February 15, 2017. It is asserted that Kevin Matías began working on February 27, 2017.**

2. During Kevin Matías' employment at FOT Investments LLC the hourly wage paid to him $7.25 per hour.

**Answer:**

**FOT admits that Kevin Matías hourly wage paid was $7.25 per hour.**



3. The starting salary paid by FOT Investments LLC to delivery drivers is $7.25 an hour.

**Answer:**

**FOT objects this request because Kevin Matías has not been designated as the adequate representative of the class, nor has a class been certified, therefore this request is overbroad and seeks information not reasonable calculated to the discovery of admissible evidence.**

4. Between April 4, 2016 and April 4, 2019, FOT Investments LLC has not disclosed to its delivery drivers that their tip income will be used to calculate that their hourly wage is at least $7.25 an hour.

**Answer:**

**FOT objects this request because it was not a Domino's Franchisee prior to Feb 27, 2017. Also, FOT objects this request because Kevin Matías has not been**

designated as the adequate representative of the class, nor has a class been certified, therefore this request for admission is overbroad and seeks information not reasonable calculated to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, FOT admits this request as to Kevin Matías.

5. During Kevin Matías' employment at FOT Investments LLC as a delivery driver, Kevin Matías was required to provide for and use his automobile.

Answer:

FOT admits that as a delivery driver, Kevin Matías was required to provide for and use his automobile.

6. From April 4, 2016 to the present date, FOT Investments LLC has required its delivery drivers to provide for and use their own automobiles.

Answer:



FOT objects this request because it was not a Domino's franchisee prior to Feb 27, 2017. It also objects this request because Kevin Matías has not been designated as the adequate representative of the class, nor has a class been certified, therefore this request for admission is overbroad and seeks information not reasonable calculated to the discovery of admissible evidence.

7. During Kevin Matías' employment at FOT Investments LLC as a delivery driver, Kevin Matías was not paid a mileage rate for the use of his vehicle.

Answer:

FOT denies this request because Kevin Matías was paid one dollar ($1) per delivery.

8. From April 4, 2016 to the present date, FOT Investments LLC did not pay its delivery drivers a mileage rate for the use of their vehicles.

Answer:

**FOT objects this request because it was not a Domino's Franchisee prior to Feb 27, 2017. It also objects this request because Kevin Matías has not been designated as the adequate representative of the class, nor has a class been certified, therefore this request for admission is overbroad and seeks information not reasonable calculated to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, FOT denies this request because the payment to drivers for each delivery is within one dollar ($1) to one dollar with twenty-five cents ($1.25) per delivery.**

9. During Kevin Matías' employment at FOT Investments LLC as a delivery driver, Kevin Matías was not reimbursed his expenses incurred in to operate his vehicle while working as a delivery driver.

Answer:

**FOT denies this request because Kevin Matías was paid one dollar ($1) per delivery.**

10. From April 4, 2016 to the present date, FOT Investments LLC has not paid its delivery drivers for expenses they have incurred in to operate their motor vehicles while working as a delivery driver.

Answer:

**FOT objects this request because it was not a Domino's Franchisee prior to Feb 27, 2017. It also objects this request because Kevin Matías has not been designated as the adequate representative of the class, nor has a class been certified, therefore this request for admission is overbroad and seeks information not reasonable**

**calculated to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, FOT denies this request because the payment to drivers for each delivery is within one dollar ($1) to one dollar with twenty-fifty cents ($1.25) per delivery.**

11. From April 4, 2016 to April 4, 2019, FOT Investments LLC did not disclose to its delivery drivers that it would include tip income towards the minimum wage to be paid to delivery drivers.

**Answer:**

**FOT objects this request because it was not a Domino's Franchisee prior to Feb 27, 2017. Also, FOT objects this request because Kevin Matías has not been designated as the adequate representative of the class, nor has a class been certified, therefore this request for admission is overbroad and seeks information not reasonable calculated to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, FOT admits this request as to Kevin Matías.** 

12. From April 4, 2016 to April 4, 2019, FOT Investments LLC did not disclose to its delivery drivers that it would include tip income towards the minimum wage to be paid to any employee.

**Answer:**

**FOT objects this request because it was not a Domino's Franchisee prior to Feb 27, 2017. Also, FOT objects this request because it is excessively broad and burdensome as it requests confidential information from third parties that are not parties to this lawsuit. It also objects to this Requirement as they request documents that are not relevant to the substantive matters subject to the claims or**

**defenses in this action nor are, they reasonably calculated to address the discovery of admissible evidence.**

13. Your standard policy is to have delivery drivers make only one delivery per trip.

Answer:

**FOT objects this request because Kevin Matías has not been designated as the adequate representative of the class, nor has a class been certified, therefore this request for admission is overbroad and seeks information not reasonable calculated to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, FOT denies this request as to Kevin Matías because the standard policy is that seventy-five percent (75%) of the deliveries is one delivery per trip. This response is based on the knowledge and information reasonably available to FOT at this time.**

**Statement under Penalty of Perjury**
(Tit. 28 USC § 1746)

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 17, 2020

*[signature]*
Viviana Candelario Acevedo

I certified that a true copy of <u>DEFENDANTS' ANSWERS AND/OR OBJECTIONS TO RESQUEST FOR ADMISSIONS</u> was served by e-mail to: Francisco E. Colón-Ramírez (fecolon@colonramirez.com), attorney for Plaintiffs on November 17, 2020.