# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KEVIN OMAR MATÍAS-ROSELLÓ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**<br><br>**Plaintiffs**<br><br>v.<br><br>**EPOCH LLC; FOT INVESTMENTS LLC D/B/A DOMINO'S PIZZA; CLUTCH CONSULTING, LLC**<br><br>**Defendants** | **CIVIL NO.: 3:19-cv-01307-SCC-BJM**<br><br>**FAIR LABOR STANDARDS ACT**<br><br>**JURY TRIAL DEMANDED** |

## MOTION TO DISMISS CLASS ACTION CLAIMS

**TO THE HONORABLE COURT:**

**COME NOW**, Defendants **EPOCH LLC** ("Epoch") and **FOT INVESTMENTS LLC D/B/A DOMINO'S PIZZA** ("FOT") through their undersigned attorneys and respectfully state and pray:

### I.   PRELIMINARY STATEMENT

Defendants hereby move to dismiss Plaintiff's class action claims as alleged in the Complaint. Plaintiff purports to bring a class action under Fed. R. Civ. P. 23 on behalf of himself and all other "similarly situated" current and former employees who work or have worked as delivery drivers of Domino's Pizza in Puerto Rico. See Complaint at ¶¶ 1-3. Plaintiff seeks relief on behalf of the purported class for Defendant's alleged failure to adequately compensate them with the federally mandated minimum wage rate for all hours worked in a workweek in violation of the Fair Labor Standards Act of 1928, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). However, at this advanced stage of the proceedings, Plaintiff has failed to move the Court to

certify the class under Rule 23. Thus, there is not a class action pending before the Court. That alone is enough reason for Plaintiff's class action claims to be dismissed.

Even if Plaintiff would have timely moved this Court for class certification, which he did not, all of his class action pretensions fail. Plaintiff inappropriately brings his action under Rule 23 when the nature of his claims in one of purported unpaid federally mandated minimum wage and violations of the anti-kick backs provisions of the FLSA. Class actions were the name plaintiffs request reliefs under the FLSA (like in the instant case) must be brought as a collective action according to Section 216(b) of the Act, and not under Rule 23. See 29 U.S.C. § 216(b); see also Trezvant v. Fidelity Employer Services Corp., 434 F.Supp.2d 40, 57 (D.Mass. 2006).

Examining the four corners of the Complaint, not even a single allegation invokes a collective action pursuant to Section 216(b). The mere fact that Plaintiff alleged that he intends to represent all other "similarly situated" would not do. According to Section 216(b), Plaintiff must prove that he and the other purported members are "similarly situated" for the Court to determine that he has a potential collective action and approve the notice to be sent to the potential members for they to "opt-in" in the case. Of course, none of that has happened here; no purported member has opted-in in the instant case. Thus, there are no potential members for Plaintiff to represent. See Smith v. T–Mobile USA, Inc., 570 F.3d 1119, 1121 (9th Cir. 2009); Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008); Cunha v. Avis Budget Car Rental, LLC, 221 F.Supp.3d 178, 181 (D. Mass. 2016) ("'Unlike [Rule] 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt in and be bound by any judgment.").

On the other hand, assuming that a class action under Rule 23 is appropriate, even for his unjust enrichment claim, there is no possibility whatsoever for Plaintiff to meet all of the

rigorous requirements for a class to be certified. Again, not only Plaintiff has failed to move the Court for class certification, which Defendants submit that he cannot do so at this stage, but Plaintiff simply cannot prove the standards for class certification under Rule 23, to wit, numerosity, commonality, typicality, adequacy of representation, predominance, and superiority.

It was essential that Plaintiff invoked the proper vehicle and proved in a timely manner all the clearly established requirements in order to maintain any class action. Since Plaintiff has not complied with any of the applicable procedures, this Honorable Court should dismiss without more his Class Action Claims.

## II.  FACTUAL BACKGROUND

Plaintiff was an employee of FOT, LLC and worked as a delivery driver. FOT does business as Domino's Pizza in Puerto Rico as a sub franchisee, and Epoch does business in Puerto Rico as Domino's Pizza Master Franchisee. Plaintiff was stationed at Domino's Pizza Store in Mayaguez and, from time to time, at the Ponce and Yauco Stores. He was paid $7.25 per hour plus $1 for each delivery he made as reimbursement for his actual vehicle's expenses.

On April 4, 2019, Plaintiff filed a Class Action Complaint alleging that: (i) Defendants purportedly failed to adequately compensate Plaintiff at the federally mandated minimum wage rate for all hours worked in violation of Section 206(a)(1) of the FLSA, (ii) unlawfully employed a "kick back" when requiring Plaintiff to maintain and operate his vehicle for making deliveries without providing an adequate reimbursement in violation of 26 C.F.R. § 531.35, and (iii) unjustly benefited at Plaintiff's car expenses. See Complaint at Docket No. 1. Although Plaintiff's claims are based upon alleged unpaid minimum wage in violation of FLSA, he

purports to bring a **Rule 23** Class Action Complaint on behalf of himself and others "similarly situated." See id. ¶¶ 1-3; 53-67.

Since the filing of the Complaint, Plaintiff has not moved the Court to certify the class under Rule 23. To the date and at a pretrial stage, there is no class action pending before the Court. A cursory review of this case docket shows that Plaintiff has not been proactive in moving forward his claims or any of the purported class members. Given his evident disregard to the matter, Plaintiff simply waived his class action claims a while ago.

Moreover, upon discovery's conclusion, Plaintiff has not produced a single piece of evidence in support of his claims. In light of that fatal procedural fact, on this same date, Defendants is filing a motion for summary judgment wherein they are moving the Court to dismiss all counts of the Complaint inasmuch as there are no issues of material facts and Defendants are entitled to judgment in their favor. See Docket No. 37. As established in their motion for summary judgment, during Plaintiff's deposition, he candidly admitted that he does not recall the allegations of his Complaint nor discussed it with any other of the purported class members. See Docket No. 37 at 11; see also Docket No. 37.1 ¶¶ 22 and 22.

### III.    ARGUMENT

In his Complaint, Plaintiff defines the purported class pursuant to **Fed. R. Civ. P. 23** as follows:

> All persons who have worked for Epoch LLC, FOT Investments LLC, doing business as Domino's Pizza, and Clutch Consulting LLC in Puerto Rico as delivery drivers at any time since April 4, 2016 who were denied or insufficiently paid minimum wage due to Defendants' failure to properly reimburse their employee for vehicle expenses associated with their duties of employment.

See Complaint ¶¶ 2 and 53.

Essentially, the gist of Plaintiff's class action claims is that of purported unpaid minimum wages in violation of the FLSA. Plaintiff pretends to use the procedures of Rule 23 for claims that are strictly governed by the FLSA. However, Rule 23 is not the proper vehicle for such action. Rather it must be brought by a collective action under 29 U.S.C. § 216(b). Invoking the wrong procedure is seriously fatal for Plaintiff.

> i. *Plaintiff did not comply with the mandatory procedures of Section 216 of the Act and applicable case law, therefore, his class action claims should be dismissed*

The FLSA provides that:

> Any employer who violates the provisions of section 206 and 207 of this Act shall be liable to the employee or employees affected in the amount of **their unpaid minimum wages** or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... An action to recover the liability prescribed ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. **No employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought**.

(Emphasis added).

It is well-established that the FLSA clearly states that actions brought for violation of the Act cannot be brought as class actions. See Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240, 148 (11th Cir. 2003) (discussing that Congress' intent to prevent Rule 23 class actions in adding the "opt-in" language). Instead, "must be brought [as opt-in collective action] pursuant to the procedures in [29 U.S.C. § 216]." Trezzvant v. Fidelity Employer Servs. Corp., 434 F.Supp.2d 40, 57 (D. Mass. 2006). Here, since Plaintiff brings an action to recover unpaid federally mandated compensation and violations of the anti-kick backs provisions of the FLSA, it was supposed to be brought under the procedure provided by Section 216.

There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by Section 216(b) of the FLSA. See Cameron-Grant v. Maxim

Healthcare Services, Inc. 347 F.3d 1240, 1249 (11th Cir. 2003). In a Rule 23 proceeding, a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under Section 216(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent. Sims v. Parke Davis & Co., 334 F.Supp. 774, 780-81 (E.D.Mich. 1971) aff'd 453 F.2d 1259 (6th Cir. 1971) cert. denied 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972). It is crystal clear that § 216(b) precludes pure Rule 23 class actions in FLSA suits.

In FLSA collective actions, only the employees who affirmatively opt into the suit by filing their written consent are parties who are "bound or may benefit from judgment." Roy v. FedEx Ground Package System, Inc., 353 F.Supp.3d 43, 59 (D.Mass. 2018) (quoting LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975)). See Halle v. W. Penn Allegheny Health Sys. Inc., 842 F.3d 215, 224 (3d Cir. 2016) ("When a named plaintiff files a complaint containing FLSA collective action allegations, the mere presence of the allegations does not automatically give rise to the kind of aggregate litigation provided for in Rule 23. Rather, the existence of a collective action depends upon the affirmative participation of opt-in plaintiffs.") (Cunha v. Avis Budget Car Rental, LLC, 221 F.Supp.3d 178, 181 (D. Mass. 2016) (" 'Unlike [Rule] 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt in and be bound by any judgment.' ") (citation omitted). "In other words, 29 U.S.C. § 216(b) does not truly authorize a class action: it is properly viewed as a rule of joinder under which only the individual opt-in plaintiffs have legal status, not the aggregate class of aggrieved employees."

Anjum v. J.C. Penney Co., No. 13 CV 0460(RJD)(RER), 2014 WL 5090018, at 8 (E.D.N.Y. Oct. 9, 2014).

In other to entertain a collective action under Section 216(b), the First Circuit has adopted a "two-tiered" approach. See Perez v. Prime Steak House Restaurant Corp., 959 F. Supp. 2d 227, 230 (D.P.R. 2013). In the first stage, known as the notice stage, the Court may rely on the pleadings and any affidavits to determine whether the putative collective members were subject to any violation of the FLSA. Id. (citing O'Donnell v. Robert Half Int'l, Inc., 429 F.Supp. 2d 246, 249 (D.Mass. 2006)). The plaintiffs carry the burden of the proof of showing the putative class is "similarly situated." Id. (citing Johnson v. VCG Holding Corp., 802 F.Supp.2d 227, 234 (D.Maine 2011). The second stage comes after the discovery where a defendant may move for de-certification of the class. O'Donnell, 429 F.Supp. 2d at 249.

As this Court can note, there is a proper procedure for cases such as the case at bar; yet Plaintiff has not done anything to promote or advance his purported collective class action under the FLSA. He does not even have evidence to support his personal claims. The gist of Plaintiff's claims is centered on unpaid minimum wages and kick backs in violation of 29 U.S.C. § 206(a) and 29 C.F.R. § 531.35. Thus, the action that Plaintiff purportedly promotes is a collective action under 29 U.S.C. § 2016(b), and not a Rule 23 class action. See Trezvant, 434 F.Supp.2d at 57 ("Certainly the Fair Labor Act states clearly that actions brought for violation of the Act cannot be brought as [Rule 23] class actions.") (citing Cameron-Grant, 347 F.3d at 1248).

According to the First Circuit's well-established "two-tier" approach, Plaintiff must have moved the Court to preliminary certify the collective action and requested to approve notice to the potential members at a very early practicable stage of the proceedings. However, Plaintiff simply crossed his arms and did nothing in that regard. That shows a reckless disregard

towards the procedures pending before this Court and the purported class that he supposedly represents. It is important to remember that for Plaintiff to conduct a class or collective action, he must prove all the relative elements for certification. In other words, Plaintiff must have shown at a very early stage of the proceedings that the potential members are similarly situated with his claims. He has not done it nor has moved the Court otherwise. Plaintiff has not submitted affidavits or any other proof to establish that the purported members are "similarly situated" and the other critical elements.

Further, in collective actions pursuant to Section 216, only the employees who affirmatively opt into the suit by filing their written consent are considered members. None of that has happened either. No person has opted-in to Plaintiff's purported claims. It is clear thus that there is no collective action pending before the Court, and there is no reason why Plaintiff's class action allegations should not be dismissed.

Inasmuch as Plaintiff failed to meet his procedural burden, his collective action claims should not be allowed to go forward. Therefore, Plaintiff's purported class action claims should be dismissed.

    *ii.*    *Plaintiff's Rule 23 class action claims should also be dismissed*

On the other hand, assuming for the purpose of the argument that Plaintiff may have a Rule 23 class action, he has also failed to follow any procedure. Under Rule 23, a proposed class must initially satisfy four requirements: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a). The plaintiffs have the burden

of showing that all the prerequisites for a class action have been met. Makuc v. Am. Honda Motor Co., 835 F.2d 389, 394 (1st Cir.1987). In addition, the plaintiffs must also prove that the action predominates over any question affecting only individual members and that it is superior to any other available method. Fed. R. Civ. P. 23(b)(3).

At a very early practicable stage after the filing of the complaint, "the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(a). It is plaintiff's burden to move the Court for considering whether the class should continue as a class action or not. The Court "must conduct a rigorous analysis of the prerequisites established by Rule 23 before certifying a class." Smilow v. Sw. Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir.2003).

Here, Plaintiff also did not move the Court to hold a class action hearing to entertain its certification. Needless to say, that there is no Rule 23 class either pending before the Court. For that, Plaintiff should timely have met his burden to show that all elements for Rule 23 class action are satisfactorily proven. It did not happen either. Thus, this suit should not be properly maintained as a class action. Not only for the reasons stated above, but because Plaintiff has failed to plead and cannot establish the necessary procedural elements for any class treatment. His proposed class action under Rule 23 is not the appropriate method for the fair and efficient adjudication of the claims described in the Complaint.

Not only Plaintiff has to prove that $1 per delivery is not reasonably approximated to his actual vehicle's expenses while making deliveries for Domino's Pizza and that his rate dropped below federally mandated minimum wage, but he must also prove the same for the rest of the purported class member. Not all expenses are the same for all the delivery drivers. It is not possible for Plaintiff to show that every delivery driver incurred the same expenses and

that all of their rates ever dropped from minimum wage. In other words, there are no common issues of fact and law that predominate; to the contrary, individual issues predominate.

Further, Plaintiff plainly is not an adequate representative for this class or any other for that matter. He candidly admits that he does not know his allegations in the Complaint and that he has never discussed them with any other potential member. See Motion for Summary Judgment at Docket No. 37. Even if Plaintiff had moved the Court to certify the class, he would never have proven that he is an adequate representative. Neither Plaintiff nor his attorneys meet the rigorous standard governing Rule 23 since they have demonstrated that they are not vigorously prosecuting the class action claims. The mere fact that Plaintiff has done nothing in furtherance of the purported class is sufficient proof that he is an inadequate representative. What's more, as thoroughly discussed in Defendants' Motion for Summary Judgment at Docket No. 37, Plaintiff has no evidence to prove his own claims. So, the question is: how can Plaintiff be an adequate representative if he cannot prove his own claims? The answer clearly is that he cannot.

Therefore, Plaintiff has failed to move the Court for class certification. As a result, there is no class action pending before the Court. Even if Plaintiff had moved for certification, there would not have been a possible way for him to meet his burden. Not only because Rule 23 is not the appropriate procedure for his claims, but even if said rule applied, he could not even meet his burden. Accordingly, Plaintiff's Rule 23 class action claims should be dismissed.

## IV.    CONCLUSION AND PRAYER

Rule 23 is not the proper vehicle for prosecuting a class action as per Plaintiff's Complaint. Even if it was proper and/or adequate for Plaintiff's unjust enrichment claim solely, Plaintiff has failed to timely prosecute his class action claims. At no time he has moved the

Court for certification either under Rule 23 or Section 2016(b) of the FLSA.  Plaintiff has waived his class action claim and, accordingly, they should be dismissed.

Thus, for the reasons stated above, Defendants submit that this Honorable Court should dismiss the class action allegations of the Complaint.  And so is respectfully requested.

**WHEREFORE**, Defendants EPOCH, LLC and FOT INVESTMENTS LLC respectfully request that this Honorable Court should dismiss Plaintiff's class action claims, with any other remedy deem appropriate in favor of Defendants.

**RESPECTFULLY SUBMITTED**.

**WE HEREBY CERTIFY** that on this same date a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the attorneys of record.

In San Juan, Puerto Rico, this 20th day of May, 2021.

| | |
|---|---|
| **VICENTE & CUEBAS** <br> P.O. Box 11609 <br> San Juan, P.R. 00910-1609 <br> Phone (787) 751-8000 <br> Fax (787) 756-5250 | **BAERGA & QUINTANA** <br> 416 Ave. Ponce de León <br> Edif. Union Plaza, Ofic. 810 <br> San Juan, Puerto Rico 00918-3426 <br> Tel.:  (787) 753-7455 <br> Fax:   (787) 756-5796 |
| *s/ Harold D. Vicente* <br> **Harold D. Vicente** <br> USDC-PR 117711 <br> E-Mail:  *hvicente@vclawpr.com* <br> *pochart@vclawpr.com* | *s/ Reynaldo A. Quintana Latorre* <br> **Reynaldo A. Quintana Latorre, Esq.** <br> USDC-PR  211104 <br> *rquintana@bqlawoffices.com* |
| *s/ Harold D. Vicente-Colón* <br> **Harold D. Vicente Colón** <br> USDC-PR  211805 <br> E-Mail:  *hdvc@vclawpr.com* | |